IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AQUA CONNECT, INC. and STRATEGIC
TECHNOLOGY PARTNERS, LLC

                  Plaintiffs,

      v.

TEAMVIEWER US, LLC,

                  Defendant.

C.A. No. 18-01572-MN

JURY TRIAL DEMANDED

## DEFENDANT TEAMVIEWER US, LLC'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant TeamViewer US, LLC ("TeamViewer" or "Defendant") hereby responds to Plaintiffs Aqua Connect, Inc. and Strategic Technology Partner, LLC's (collectively, "Plaintiffs") Complaint. Any allegations not expressly addressed herein are hereby denied.

## BACKGROUND

1.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

2.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

3.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

4.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

5.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

6.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

7.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

8.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

9.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

10.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

## PARTIES

11.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

12.      Defendant presently lacks knowledge and/or information sufficient to form a belief as to the truth of allegations of this paragraph, and therefore denies same.

13.      Defendant admits that it is a Delaware Limited Liability Company with its principal place of business located at 5741 Rio Vista Drive, Largo, FL 33760.  To the extent this paragraph states and factual or legal averments, such averments are denied.

## JURISDICTION AND VENUE

14.      Defendant does not contest this Court's subject matter jurisdiction for purposes of the claims asserted in the Complaint, but Defendant explicitly denies that it has committed any acts of patent infringement or other acts or omissions either within, or outside the judicial District.  To the extent this paragraph states any other factual or legal averments, such averments are denied.

15.      Defendant admits that it is a Delaware corporation, but explicitly denies it has committed any acts of patent infringement or other acts or omissions either within, or outside the

2

judicial District.  To the extent this paragraph states any other factual or legal averments, such averments are denied.

16.    Defendant denies that this venue is a convenient forum or that this judicial District is the only forum where venue could be proper.  Defendant admits that it is a Delaware corporation, but explicitly denies it has committed any acts of patent infringement or other acts or omissions either within, or outside the judicial District.  To the extent this paragraph states any other factual or legal averments, such averments are denied.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. RE46,386

17.    Defendant repeats and realleges its response above to Paragraphs 1 through 16 of the Complaint, inclusive, as if fully set forth herein.

18.    Defendant admits that United States Patent No. RE46,386 ("the '386 Patent) states, on its face, that is was issued on May 2, 2017 and claims the benefit of Provisional Application Serial No. 61/099,485, filed on September 23, 2008.  To the extent this paragraph states any other factual or legal averments, such averments are denied.

19.    Paragraph 19 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, on that basis, denies each and every allegation set forth therein.

20.    Defendant denies each and every allegation in Paragraph 20 of the Complaint.

21.    Defendant denies each and every allegation in Paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and,

on that basis, denies each and every allegation set forth therein.

23.     Paragraph 23 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, on that basis, denies each and every allegation set forth therein.

24.     Paragraph 24 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies each and every allegation set forth therein.

25.     Paragraph 25 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies each and every allegation set forth therein.

26.     Paragraph 26 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, on that basis, denies each and every allegation set forth therein.

27.     Paragraph 27 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, on that basis, denies each and every allegation set forth therein.

28.     Paragraph 28 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and,

4

on that basis, denies each and every allegation set forth therein.

29.     Paragraph 29 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, on that basis, denies each and every allegation set forth therein.

30.     Paragraph 30 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, on that basis, denies each and every allegation set forth therein.

31.     Defendant denies each and every allegation in Paragraph 31 of the Complaint.

32.     Defendant denies each and every allegation in Paragraph 32 of the Complaint.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,924,502

33.     Defendant repeats and realleges its response above to Paragraphs 1 through 32 of the Complaint, inclusive, as if fully set forth herein.

34.     Defendant admits that United States Patent No. 8,924,502 ("the '502 Patent) states, on its face, that is was issued on December 30, 2014 and claims the benefit of Provisional Application Serial No. 61/099,485, filed on September 23, 2008.

35.     Paragraph 35 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, on that basis, denies each and every allegation set forth therein.

36.     Defendant denies each and every allegation in Paragraph 36 of the Complaint.

37.     Defendant denies each and every allegation in Paragraph 37 of the Complaint.

5

38.     Paragraph 38 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, on that basis, denies each and every allegation set forth therein.

39.     Paragraph 39 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, on that basis, denies each and every allegation set forth therein.

40.     Paragraph 40 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, on that basis, denies each and every allegation set forth therein.

41.     Paragraph 41 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, on that basis, denies each and every allegation set forth therein.

42.     Paragraph 42 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, on that basis, denies each and every allegation set forth therein.

43.     Paragraph 43 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, on that basis, denies each and every allegation set forth therein.

6

44.     Paragraph 44 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, on that basis, denies each and every allegation set forth therein.

45.     Paragraph 45 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and, on that basis, denies each and every allegation set forth therein.

46.     Paragraph 46 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, on that basis, denies each and every allegation set forth therein.

47.     Paragraph 47 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, on that basis, denies each and every allegation set forth therein.

48.     Paragraph 48 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, on that basis, denies each and every allegation set forth therein.

49.     Paragraph 49 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, on that basis, denies each and every allegation set forth therein.

50.     Paragraph 50 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information with which to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, on that basis, denies each and every allegation set forth therein.

51.     Defendant denies each and every allegation in Paragraph 51 of the Complaint.

52.     Defendant denies each and every allegation in Paragraph 52 of the Complaint.

## PRAYER FOR RELIEF

The Prayer for Relief set forth at page 16 of the Complaint requires no response by Defendant.  Defendant nevertheless denies the propriety of any award or relief in favor of Plaintiff.  Defendant also denies each and every allegation of the Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to Plaintiffs' claims.  The assertion of a defense is not a concession that Defendant has the burden of proving the matter asserted.  The defenses asserted below are based on the facts and information currently known to Defendant.  Defendant reserves the right to assert any additional defenses that may become apparent or appropriate as a consequence of the further development of the factual record of this case.

### First Affirmative Defense (Failure To State A Claim)

Plaintiffs' claims are barred wholly or in part because Plaintiffs have failed to state a cause of action for which relief may be granted.

8

**Second Affirmative Defense (Non-Infringement of US Pat. RE46,386)**

Plaintiffs' claims are barred wholly or in part because Defendant has not infringed, and do not infringe, either directly or indirectly, any valid and enforceable claim of '486 Patent, either literally or under the doctrine of equivalents.

**Third Affirmative Defense (Non-Infringement of US Pat. 8,924,502)**

Plaintiffs' claims are barred wholly or in part because Defendant has not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '502 Patent, either literally or under the doctrine of equivalents.

**Fourth Affirmative Defense (Invalidity)**

Upon information and belief, the '486 and '502 Patents are invalid because they fail to meet the conditions specified in 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

**Fifth Affirmative Defense (Laches/Estoppel)**

Plaintiffs' claims are barred wholly or in part by the doctrines of laches, estoppel and/or other equitable defenses.

**Sixth Affirmative Defense (Unclean Hands/Waiver/Acquiescence)**

Plaintiffs' claims are barred wholly or in part by the doctrines of unclean hands, waiver, implied license, acquiescence and/or other equitable defenses.

**Seventh Affirmative Defense (Prosecution History Estoppel)**

Plaintiffs' claims are barred wholly or in part by the doctrine of prosecution history estoppel and/or related doctrines.

### Eighth Affirmative Defense (Notice and Marking)

Plaintiffs' claims are barred wholly or in part for failure of Plaintiffs' or their predecessors-in-interest to notify Defendant of the actions alleged to infringe the '386 and '502 Patents, including but not limited to by marking products and/or providing notice to Defendant of the alleged infringement pursuant to 35 U.S.C. § 287.

### Ninth Affirmative Defense (Failure to Mitigate)

Plaintiffs' claims are barred wholly or in part for failure of Plaintiffs to mitigate damages, if any.

### Tenth Affirmative Defense (Statute of Limitations)

Plaintiffs' claims are barred wholly or in part by 35 U.S.C. § 286 to only those events occurring within six (6) years of the filing of the Complaint.

### Eleventh Affirmative Defense (Lack of Standing)

One or both of the Plaintiffs lack standing to assert and maintain one or more of the claims set forth in the Complaint.

### Twelfth Affirmative Defense (Injunctive Relief Not Available)

Neither preliminary nor permanent injunctive relief are available to Plaintiffs under the legal standards for injunctions, and a compulsory license would be legal error, because, among other things, Plaintiffs cannot show irreparable harm, and the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.,* 126 S. Ct. 1837 (2006).

### Thirteenth Affirmative Defense (Exhaustion)

Plaintiffs' claims are barred in whole or in part to the extent they have been exhausted and/or released by licenses or releases, implied or express, granted to other parties.

10

**Fourteenth Affirmative Defense (Ensnarement)**

Plaintiffs' claims are barred in whole or in part by the doctrine of ensnarement.

## RESERVATION OF RIGHTS

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## COUNTERCLAIMS

1.      Pursuant to Fed. R. Civ. P. 13, Counter-Plaintiff TeamViewer US, LLC ("TeamViewer") complains and alleges against Counter-Defendants Aqua Connect, Inc. and Strategic Technology Partners LLC (collectively "Plaintiffs"), as follows:

2.      This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*., and the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq*.

## PARTIES

3.      TeamViewer is a Delaware Limited Liability Company with a principal place of business at 5741 Rio Vista Drive, Largo, Florida 33760.

4.      On information and belief based on its allegations in the Complaint, Aqua Connect, Inc. is a Nevada corporation with a principal place of business and headquarters at 18801 Ventura Blvd., Suite 310, Tarzana, CA 91356.

5.      On information and belief based on its allegations in the Complaint, Strategic Technology Partners, LLC ("STP") is a wholly-owned subsidiary of Aqua Connect and the assignee of the '386 and '502 Patents.  STP's principal place of business is also located at 18801

11

Ventura Blvd., Suite 310, Tarzana, CA 91356.

## JURISDICTION AND VENUE

6.     This Court has personal jurisdiction over Plaintiffs, *inter alia*, because Plaintiffs
have submitted to personal jurisdiction herein by filing their Complaint in this Court.

7.     Venue is proper in this judicial district because the declaratory relief sought is a
compulsory counterclaim to claims filed by Plaintiffs in this case and pursuant to 28 U.S.C. §§
1367 and 1391(b).

8.     Plaintiffs allege in Paragraph 1 of the Complaint that they are assignees of U.S.
Patent Nos. 8,924,502 ("the '502 patent") and RE46,386 ("the '386 patent") (collectively,
"Asserted Patents").

9.     Based on the allegations in Plaintiffs' Complaint and TeamViewer's denials and
additional and affirmative defenses, an actual controversy has arisen and now exists between the
parties as to the validity, enforceability, and infringement of the Asserted Patents.

10.     This Court has subject matter jurisdiction over these counterclaims based on 28
U.S.C. §§ 1331, 1338, 2201-02 and under Fed. R. Civ. P. 13(a) in that this is a compulsory
counterclaim to the allegations of the Complaint.

## NONINFRINGEMENT OF THE ASSERTED PATENTS

11.     TeamViewer repeats and realleges and incorporates herein the foregoing
responses and allegations.

12.     TeamViewer does not infringe, directly or indirectly, literally or under the
doctrine of equivalents, any claim of the Asserted Patents.

13.     TeamViewer's investigation is ongoing, and therefore TeamViewer reserves the
right to supplement and amend its non-infringement positions based on additional information
obtained through discovery or other means and as appropriate in response to the Court's

12

determination of issues.

## INVALIDITY OF THE ASSERTED PATENTS

14.    TeamViewer repeats and realleges and incorporates herein the foregoing responses and allegations.

### Sections 102 and 103 of the Patent Laws (Anticipation/Obviousness)

15.    The claims of the Asserted Patents are invalid for failure to comply with 35 U.S.C. §§ 102 and 103.

16.    Computer program products for updating a user session were conventional before the alleged invention of the Asserted Patents.

17.    In the prior art, it was known to persons of ordinary skill in the art to implement remote desktop environments that update the graphical display of user sessions and transmit the output to remote client sessions.  *See, e.g.*, '502 Patent at 2:1-28.

18.    For example, commercial products were available implement these terminal server environments, such as LogMeIn and GoToMyPC by 2007.

19.    Although most commercial products supported Windows computing environments around 2007, at least LogMeIn was previewed as operating on the Mac OS X environment no later than July 2007. *See, e.g.*, http://appletothecore.me/files/logmein.php.

20.    The purported novelty and non-obviousness of the Asserted Patents originated from alleged problems arising from differences between a Windows environment and a Mach-based environment such as Mac OS X encountered when implementing a remote desktop environment.  For example, the applicant stated in the Response to Final Rejection mailed June 30, 2015 in the Reissue Application leading to the '386 Reissue Patent:

Furthermore, Applicant's claimed invention evidences several clear cases of evidence of secondary indicia of nonobviousness as set forth by the US Supreme Court in its decision in *Graham v. John Deere*. First, the structure of the Mach-derived computer system, such as including Mach contexts, as noted above, is distinct from the kernel structure found in DOS/Win/UNIX based systems, and therefore those systems are not faced with the same challenge inherent in Mach-derived systems of how to cross a Mach context boundary, i.e., a user computer context boundary within a computing device to control one or more user input/output devices. That problem, which the claimed invention computing device solves, is a uniquely Mach-derived computer system issue, for which there has been a long felt and unmet need, prior to Applicant's invention, see for example the Mac Internals document previously submitted and discussed in the previous declaration and during the Examiner interview, which is a well established secondary objective indicia of nonobviousness. Second, as a result of the solution of the

21.     The alleged inventions of the Asserted Patents purport to solve the problem of needing to cross Mach context boundaries by splitting a KVM agent into a client and a server operating in separate contexts.

22.     However, it was well-known to persons of ordinary skill in the art before the priority date of the Asserted Patents to cross Mach context boundaries by splitting software processes such as agents into a client and server operating in separate contexts.  For example, Apple published Technical Note TN2083 no later than January 3, 2006, entitled "Daemons and Agents." ("TN2083"). It teaches:

> The correct solution to this problem is to split your program into multiple components, each specialized for a particular role. So, you might have a daemon for managing the global state and an agent operating on behalf of each of the logged in users. If the daemon needs the user to answer a question, it signals all the agents and the agents use local knowledge to decide what to do. For example, the agent might behave differently depending on whether it's running in a GUI or non-GUI login session, or whether the GUI session is active (that is, using the console in a fast user switched environment).
> https://developer.apple.com/library/content/technotes/tn2083/_index.html.

23. TN2083 also teaches that the client/server model should be used in this scenario, and that communication between the processes should be performed using inter-process communication (IPC) such as UNIX sockets:

> If you do split your program into multiple components, try to use the client/server model. Specifically, remember that clients connect to servers, and not the other way around. This might sound obvious, but it's easy to forget this point and find yourself in the weeds.
>
> In this context, a server is the background program that contains the global state that's being shared, while the clients are the programs that want to access that state. The server might be an agent (if all of the clients run in the same login session), or it might be a daemon (if it handles clients from multiple login sessions, or it handles other daemons as clients); the key $f$ point is that there is a one-to-many relationship between the server and its clients.
>
> In this design, the server should not try to discover or connect to the clients. Rather, the clients should connect to the server. This approach is a good match for the common inter-process communication (IPC) APIs. For example, if you're using UNIX domain sockets, it's easy for a daemon to listen on a single UNIX domain socket and have the clients connect to that socket. It's also easy for the server to handle a client disconnecting (either because it quit or because it died unexpectedly). If you do things the other way around, things start to get messy.

24. Thus, the claims of the Asserted Patents are invalid under at least 35 U.S.C. § 103.  For example, the claims are rendered obvious by U.S. Patent Application Publication No. 2009/0080523 ("McDowell") filed on September 24, 2007, in view of TN2083.  McDowell is prior art to the Asserted Patents under at least 35 U.S.C. § 102(e) because the application that resulted in the McDowell publication was filed on September 24, 2007.  Indeed, the Patent Examiner cited McDowell during examination of the '386 Patent.  TN2083 is prior art to the Asserted Patents under at least 35 U.S.C. § 102(b) because it was published no later than January 3, 2006 and November 5, 2007.  It would have been obvious to one of ordinary skill in the art to implement the remote user interface of McDowell with the Mach-derived operating system of

15

TN2083.

25.     McDowell in view of TN2083 discloses each and every element of the claims of the Asserted Patents.  For example, McDowell discloses that "Frames of user interface graphical data can be remotely rendered at a client during a remote session with a server by providing graphical data commands to the client."  McDowell at Abstract.  TN2083 further implements a background program on a Mach derived kernel by using daemons (e.g., agent clients) and agents (e.g., agent servers) in a client / server model. A person of ordinary skill in the art would have been motivated to apply the solutions taught by TN2083 to overcome any problems that would arise by trying to implement McDowell on a computer running Mac OS X operating system.

26.     No claim in either the '502 Patent or the '386 Patent is entitled to the effective filing date of any prior application because no claim is disclosed in any such prior application in the manner required by 35 U.S.C. §§112, 120 as shown below.  Accordingly, U.S. Pat. Pub. No. 2010/0077055, published March 25, 2010 (i.e., the published version of Aqua Connect's priority patent application, Ser. No. 12/586,613, referred to below as "the '613 Application"), and Aqua Connect's own products, including Version 3.0 and later of Ignision Server, are prior art to every claim in both patents under 35 U.S.C. § 102(b).  Every asserted claim in both Asserted Patents is invalid in light of each of U.S. Pat. Pub. No. 2010/0077055 and Aqua Connect Ignision Server Version 3.0, alone or in combination with the other references discussed above.

### Section 112 of the Patent Laws (Indefiniteness)

27.     The claims of the Asserted Patents are invalid for failure to comply with 35 U.S.C. §§ 112, 132 and 251(a).

28.     Each of the claims of the Asserted Patents is invalid as indefinite at least for using the terms "context," "Mach context," and/or "Mach-derived" which are indefinite in the context of these claims, specifications and file history.

16

29.     Each of the claims of the Asserted Patents is invalid as lacking written description, not enabled, and for violating the prohibition against new matter for at least the following reasons.

30.     First, each claim of the Asserted Patents is invalid for claiming the alternative that metadata, instead of the data itself, could be transmitted over the network.  The specifications and applications disclose that metadata can be transmitted between the agent client and agent server within the host system. Ex. 1 ('613 Application) at ¶¶ 19-20.  The specifications and applications do not disclose or enable transmitting only metadata over the network between the host system and the user's remote computer.  The alternative that metadata could be transmitted over the network instead of the data itself was improperly added by amendment in 2013 and 2014. See Ex. 2 (July 11, 2013 Amendment in '093 Patent file history) at claim 14 (issued claim 1); Ex. 3 (March 5, 2014 Amendment in '502 Patent file history) at claim 14 (issued claim 1). Accordingly, each of the claims is invalid for claiming that undisclosed alternative, and none of the claims is entitled to the effective filing date of the '613 Application.

31.     Second, each claim of the Asserted Patents is invalid for claiming alternative data operations that are not disclosed in the specifications or applications and, in fact, are the opposite of what is disclosed. The specifications and applications disclose that output data (e.g., display data) can be generated by an agent server, transferred to an agent client, and transmitted to a remote computer, and that input data (e.g., keyboard data) takes the reverse path. However, for example, claim 1 of the '386 Patent claims the alternative and undisclosed data operation of input data/keyboard data taking the data path disclosed only for output data. See, also, '386 Patent at 8:63-9:62 (claim 8), 10:62-11:58 (claim 25), 11:63-12:65 (claim 27); '502 Patent at 7:41-8:16 (claim 1), 8:31-9:14 (claim 8), 10:14-65 (claim 25), 11:3-57 (claim 27), 14:20-15:8 (claim 38).  Other claims, for example claim 36 of the '502 Patent, have the same problem but in

17

reverse, because they claim "output data" taking the path disclosed only for "input data." '502 Patent at 12:46-13:17 (claim 36), 14:20-15:8 (claim 38).  The specifications and applications do not disclose or enable these claimed data operations.  These claimed alternative data operations were improperly added by amendment in 2013 and 2014 during prosecution. *See, e.g.* , Ex. 2 (July 11, 2013 Amendment in '093 Patent file history) at claim 14 (issued claim 1); Ex. 4 (May 27, 2014 Amendment in '502 Patent file history) at claim 14 (issued claim 1).  Accordingly, each of the claims is invalid for claiming that undisclosed and non-enabled alternative, and none of the claims is entitled to the effective filing date of the '613 Application.

32.      Third, each of claims 4 and 38 of the '502 Patent and claim 4 of the '386 Patent is invalid for claiming a single client agent in communication with multiple agent servers. The specifications and applications disclose only a one-to-one relationship between an client-server agent pair.  Ex. 1 ('613 Application) at Fig. 1, ¶ 8.  However, for example, claim 4 of the '386 Patent claims "the agent client communicates with two or more agent servers." '386 Patent at 8:54-55 (claim 4); *see also* '502 Patent at 8:23-24 (claim 4), 14:28-31, 61-62 (claim 38).  This subject matter was added to the claims by amendment in 2011 and 2014.  *See* Ex. 5 (May 16, 2011 Amendment in '093 Patent file history) at claim 17 (issued as claim 4); Ex. 4 (May 27, 2014 Amendment in '502 Patent file history) at claims 17 and 51 (issued as claims 4 and 38). Accordingly, each of the claims is invalid for claiming that undisclosed and non-enabled alternative of a one-to-many agent client-server relationship, and none of the claims is entitled to the effective filing date of the '613 Application.

33.      Fourth, each of the claims in the Asserted Patents is invalid for claiming a "context" or "Mach context" to the extent these limitations (or any other limitations) incorporate a Mach-derived or bootstrap context limitation. The specifications and applications disclose a protocol independent architecture that adapts to different operating system architectures, without

18

any discussion of Mach-derived or bootstrap concepts.  Ex. 1 ('613 Application) at Abstract, ¶ 16.  These concepts were improperly added to the claims by amendment and/or argument during prosecution and reissue.  Accordingly, each of the claims is invalid for claiming those undisclosed concepts, and none of the claims is entitled to the effective filing date of the '613 Application.

### Sections 251 of the Patent Laws (Improper Reissue Declaration/Broadening Reissue)

34.     The claims of the Asserted Patents are invalid for failure to comply with 35 U.S.C. § 115, 116, 251.

35.     The '386 Patent is a reissue of U.S. Patent No. 8,549,093 ("the '093 Patent").

36.     The '386 Patent was filed on February 27, 2014 as U.S. Patent Application Serial No. 14/191,450 ("the '450 Application").

37.     The '093 Patent was filed on September 23, 2009 as U.S. Patent Application Serial No. 12/586,613 ("the '613 Application").

38.     The '093 Patent issued on October 1, 2013.

39.     A true and correct copy of the '613 Application is attached hereto as Ex. 1.

40.     A true and correct copy of the Declaration and Power of Attorney accompanying the '613 Application is attached as Ex. 6.

41.     The '613 Application was filed on behalf of Joseph Chyam Cohen by his attorneys.

42.     The '450 Application was accompanied by a "Reissue Application Declaration by the Assignee," dated February 18, 2014, which identified the assignee as Strategic Technology Partners, LLC and which was executed by Efraim Cohen.  A true and correct copy of that declaration is attached hereto as Ex. 7 ("the First Assignee Declaration").

43.     Efraim Cohen is not the named inventor of either the '093 Patent or the '386

19

Patent.

44.     The First Assignee Declaration stated that reissue was sought because the '093 Patent was "inoperative or invalid" based on the failure to include in the claims the limitation "in separate contexts." *Id.* at 2-3.

45.     The '450 Application included a Preliminary Amendment.  A true and correct copy of that Preliminary Amendment is attached hereto as Ex. 8, Preliminary Amendment dated Feb. 25, 2014 at 2-14, 15.

46.     That Preliminary Amendment added to all independent claims an "in separate contexts" claim limitation and fixed other purported typographical errors. Ex. 8.

47.     The applicant stated in the remarks that accompanied the amendment: "[a]ll claim amendments narrow the scope of breadth of the claims (or correct minor typographic errors in the patent)." *Id.* at 15.

48.     On December 10, 2014, the Examiner issued an Non-Final Office Action which included two relevant rejections related to the First Assignee Declaration.

49.     The Examiner first found the typographical errors were actually broadening amendments, such that a declaration by the assignee did not comply with 35 U.S.C. § 251.  Ex. 9, Dec. 10, 2014 Rejection at 4.

50.     The Examiner stated: "The application for reissue may be made and sworn to by the assignee of the entire interest only if the application does not seek to enlarge the scope of the claims of the original patent or [exception related to 37 CFR 1.46]." *Id.*

51.     The Examiner also found that the First Assignee Declaration was defective for indicating that 37 CFR 1.46 ("Application for Patent by an Assignee . . .") applied. *Id.* at 4-5.

52.     On March 24, 2015, the applicant submitted a second amendment. Ex. 10, March 24, 2015 Amendment at 2-13.

20

53.     In its remarks, applicant again insisted that "[a]ll Claim amendments narrow the scope of the breadth of the claims (or correct minor typographical errors introduced into the patent's claims at time of final data capture.)"  *Id.* at 14.

54.     Applicant repeated those arguments with respect to the Examiner's first rejection of the First Assignee Declaration.  *Id.* at 15-16 ("Thus, since the claim was not broadened in any way, since the amendments were merely to correct typographic errors, Applicants respectfully request that the objection of Paragraph 8 be withdrawn.").

55.     Applicant also submitted a second assignee declaration omitting the reference to 37 CFR 1.46 to overcome the Examiner's rejection related to that erroneous designation.  *Id.* at 16; Ex. 11, undated Reissue Application Declaration by the Assignee (the "Second Assignee Declaration") at 2.

56.     The applicant did not check the top box of the form of that Second Assignee Declaration, relating to 37 C.F.R. § 1.46. *Id.*  The Second Assignee Declaration correctly indicated that 37 C.F.R. § 1.46 did not apply.

57.     The Second Assignee Declaration was again executed by Efraim Cohen on behalf of Strategic Technology Partners LLC. *Id.* at 2.

58.     The Examiner subsequently did not issue any further rejections based on the reissue declarations.

59.     Joseph Cohen never executed an oath under 35 U.S.C. § 251 during the reissue proceedings.

60.     On August 4, 2016, two (2) years and ten (10) months after the '093 Patent issued, and in response to a final rejection by the Examiner on the merits, applicant submitted a request for continued examination with additional amendments.  A true and correct copy of that request and amendment is attached hereto as Ex. 12 (RCE Amendment).

21

61.     The RCE Amendment sought to broaden all independent claims by reciting that the claims also could be practiced – as an alternative to using one of the four previously prescribed means – by using "a shared computer memory." *See, e.g.,* Ex. 12, RCE Amendment at 3.

62.     Claim 1 was amended to recite "wherein the computer system communication facility comprises at least one of: a socket, a file, a port, a shared computer memory, or a pipe." *Id.*

63.     The amendment added "a shared computer memory" to the options listed in claim 1.

64.     By this amendment, an infringement of the claim would occur not only if an accused system had a "computer system communication facility" that comprised "a socket, a file, a port, or a pipe" but now also occur if an accused system had a "computer system communication facility" that comprised "a shared computer memory."

65.     The claims of the '386 Patent issued with "a shared computer memory" added as an option for the "computer system communication facility" recited in each independent claim. '386 Patent at 8:16-37 (claim 1), 9:28-51 (claim 8), 11:12-23 (claim 25), 12:15-30 (claim 27) (each claiming "a shared memory" as an alternative communication facility).

66.     Literal infringement of the claims of the '093 Patent could occur only if an accused system had a communication facility that comprised "a socket, a file, a port, or a pipe." Literal infringement of the claims of the '386 Patent can occur if an accused system has a communication facility that comprises "a shared computer memory."

67.     Each of the claims of the '386 Patent was broadened during reissue to include the option of using "a shared computer memory" as the claimed communication facility.

68.     The broadening of the claims during reissue of the '386 Patent required a

22

declaration from the named inventor, Joseph Cohen.  *See* 35 U.S.C. §§ 115, 116, 251.  Because the claims are not supported by a proper broadening declaration, they are invalid.

### Section 251(d) of the Patent Laws (Broadening Reissue After 2 Years)

69.     The claims of the '386 Patent are further invalid under 35 U.S.C. § 251(d), which requires that an reissue application enlarging the scope of the claims be filed within two (2) years from the original date of grant, which is October 1, 2015 in this case.

70.     Applicant first submitted the amendment to add "a shared computer memory" as an option to the claims on August 4, 2016. Ex. 12, RCE Amendment at 3.

71.     Applicant did not attempt to broaden the claims prior to August 4, 2016.

72.     Applicant did not attempt to put the public on notice that it might broaden the claims prior to August 4, 2016.

73.     Accordingly, the applicant's submission of broader claims was time barred by 35 U.S.C. § 251(d) and the claims are therefore invalid on this additional basis.

### FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of the '502 Patent)

74.     TeamViewer repeats and realleges and incorporates herein the foregoing responses and allegations.

75.     TeamViewer does not infringe and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '502 Patent, either literally or under the doctrine of equivalents.

76.     Plaintiffs are precluded under the doctrines of prosecution history estoppel and ensnarement from asserting or construing, whether literally or by the doctrine of equivalents, any claim of the '502 Patent in a way that would read upon any product made, used, sold, offered for sale, or imported by TeamViewer.

77.     As set forth above, an actual and justiciable controversy exists between TeamViewer and Plaintiffs as to infringement of the '502 Patent.

78.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, TeamViewer requests that this Court enter a judgment that TeamViewer does not infringe, under any theory of infringement, any valid claim of the '502 Patent.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of the '502 Patent)

79.     TeamViewer repeats and realleges and incorporates herein the foregoing responses and allegations.

80.     The claims of the '502 Patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

81.     As set forth above, an actual and justiciable controversy exists between TeamViewer and Plaintiffs as to whether the claims of the '502 Patent are valid.

82.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, TeamViewer requests that this Court enter a judgment that the claims of the '502 Patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or 132.

## THIRD COUNTERCLAIM

### (Declaration of Non-Infringement of the '386 Patent)

83.     TeamViewer repeats and realleges and incorporates herein the foregoing responses and allegations.

84.     TeamViewer does not infringe and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '386 Patent, either literally or under the doctrine of equivalents.

85.     Plaintiffs are precluded under the doctrines of prosecution history estoppel and

ensnarement from asserting or construing, whether literally or by the doctrine of equivalents, any claim of the '386 Patent in a way that would read upon any product made, used, sold, offered for sale, or imported by TeamViewer.

86.     As set forth above, an actual and justiciable controversy exists between TeamViewer and Plaintiffs as to infringement of the '386 Patent.

87.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, TeamViewer requests that this Court enter a judgment that TeamViewer does not infringe, under any theory of infringement, any valid claim of the '386 Patent.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity of the '386 Patent)

88.     TeamViewer repeats and realleges and incorporates herein the foregoing responses and allegations.

89.     The claims of the '386 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, 132, and/or 251.

90.     As set forth above, an actual and justiciable controversy exists between TeamViewer and Plaintiffs as to whether the claims of the '386 patent are valid.

91.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, TeamViewer requests that this Court enter a judgment that the claims of the '386 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, 132, and/or 251.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), TeamViewer hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, TeamViewer requests judgment in its favor and against Plaintiffs as follows:

(i) The Court dismiss Plaintiffs' Complaint with prejudice and order that Plaintiffs are entitled to no recovery on the Complaint;

(ii) The Court enter judgment in favor of TeamViewer and against Plaintiffs, thereby dismissing the Complaint in its entirety, with prejudice, and deny Plaintiffs all requested relief;

(iii) The Court declare that TeamViewer has not infringed and does not infringe, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any claim of the '386 and '502 Patents;

(iv) The Court declare and order that the '386 and '502 Patents are invalid and/or unenforceable;

(v) That Plaintiffs' request for injunctive relief against TeamViewer be denied;

(vi) The Court declare that this case is exceptional, entitling TeamViewer to its attorneys' fees under 35 U.S.C. § 285, and award TeamViewer its reasonable attorneys' fees;

(vii) All costs be taxed against Plaintiffs; and

(viii) TeamViewer be granted such other and further relief as the Court deems just and proper.

26

Dated: December 13, 2018

**DLA PIPER LLP (US)**

**Of Counsel**:

 */s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
William L. Bartow (admitted *Pro Hac Vice*)
Darius C. Gambino (admitted *Pro Hac Vice*)
1201 North Market Street, Suite 2100
**DLA PIPER LLP (US)**
Wilmington, DE 19801
1650 Market Street, Suite 4900
Tel: (302) 468-5700
Philadelphia, PA 19103
Fax: (302) 394-2341
Tel:  (215) 656-3300
denise.kraft@dlapiper.com
Fax:  (215) 656-3301
brian.biggs@dlapiper.com
william.bartow@dlapiper.com
darius.gambino@dlapiper.com

*Attorneys for Defendant*
*TeamViewer US, LLC*

27