

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Denise Seastone Kraft
denise.kraft@dlapiper.com
T  302.468.5645
F  302.778.7917

January 17, 2020

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19
Room 4324
Wilmington, DE 19801-3555

**Re:**  **Aqua Connect, Inc. et al. v. TeamViewer US, LLC-C.A. No. 18-01572-MN (LEAD)**
 **Aqua Connect, Inc., et al. v. TeamViewer GMBH-C.A. No. 19-2286-MN**

Dear Judge Noreika:

Per the Court's order of January 3, 2020 [D.I. 105] Plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC (together, "Aqua Connect" or "Plaintiffs") and Defendants TeamView US, LLC and TeamViewer GmbH (together, "TeamViewer" or "Defendants") respectfully submit this letter advising the Court "advising the Court if any changes are needed to the current schedule in light of this newly transferred and consolidated action."  The parties met and conferred to discuss the schedule, and have different views on whether the current schedule should be changed.

Plaintiff's Position:

The existing schedule needs no modifications to accommodate the German parent corporation TeamViewer GmbH as a defendant.  First, the existing schedule allows through March for the completion of depositions, and trial will not begin for eleven more months, on December 14, 2020.  The parties do not need until August to complete depositions and document discovery, particularly given that Plaintiffs are already serving discovery on TeamViewer GmbH.

Second, TeamViewer GmbH does not need any additional time to develop its own defenses. TeamViewer GmbH was served with the Complaint on August 20, and has had already nearly five months to prepare its response.  Moreover, in its "first-to-file" motion that resulted in transfer to this District, TeamViewer GmbH represented to the Central District of California that "the issues are identical" between the actions against it and TeamViewer US, arguing:

> "Here, *the issues are identical*. The Delaware Action and the instant action both allege infringement of the Patents-In-Suit, and both recite the same accused products – TeamViewer 13, TeamViewer Host, TeamViewer QuickSupport, and



Magistrate Judge Maryellen Noreika
Page Two

>TeamViewer QuickJoin. *Because the issues are identical*, this action should be dismissed based on the first-to-file rule."

*Aqua Connect, Inc. et al. vs. TeamViewer GmbH et al.*, Case No. 2:19-cv-05662, Dkt. 34 at 8 (C.D. Cal., October 8, 2019) (emphasis added).  By its own admissions, the same defenses already developed by TeamViewer US will apply to TeamViewer GmbH.  Of course, Plaintiffs contend that there are some issues unique to TeamViewer GmbH, including willful infringement, infringement by importation, and functionality of the accused products, but this does not require changes to the schedule.

The GDPR is also irrelevant and provides no reason for delay.  The GDPR only covers personal information, and courts have held that the GDPR does not preclude discovery pursuant to the Federal Rule of Civil Procedure.[1]

Lastly, TeamViewer GmbH cannot benefit from its own obstructive behavior by attempting to delay trial.  It has refused to cooperate in this lawsuit against its own subsidiary, despite the Court's order that TeamViewer US specifically request core technical documents.  Now that TeamViewer GmbH has been named a defendant, it must produce all requested information without attempting to delay trial by many more months.

Defendants' Position:

Defendants believe that all parties to the litigation would benefit from a short 5 month extension of the current trial date from December 14, 2020 to May 3, 2021, or thereabout, according to the Court's schedule.  The short extension would allow the current deadlines between now and May 2021 to be adjusted in a manner that would allow the parties to constructively litigate both cases, and particularly the TeamViewer GmbH case that was recently transferred from the United States District Court for the Central District of California to Delaware, but in which a response to the complaint is not due until January 28, 2020 and discovery has not yet been served.  In comparison, the case with which it is being consolidated has been litigated for over a year with written discovery served and answered, some depositions already taken, and the claim construction hearing set for January 23, 2020.

---

[1] *See, e.g., Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946-JST (KAW), 2019 U.S. Dist. LEXIS 24570, at *10 (N.D. Cal. Feb. 14, 2019) (ordering production of emails in a patent case, citing in part "the significant American interest in protecting its patents"), *In re Mercedes-Benz Emissions Litig.*, No. 2:16-cv-881 (SDW)(JAD), 2019 U.S. Dist. LEXIS 223132, at *16 (D.N.J. Nov. 4, 2019) (entering Plaintiff's discovery order and rejecting Defendant's argument that the GDPR requires redactions, citing "the U.S. legal system's interest in preserving and maintaining the integrity of the broad discovery provisions set forth in the Federal Rules of Civil Procedure").



Magistrate Judge Maryellen Noreika
Page Three

Defendants are not seeking to delay the case more than necessary, but only to allow the recently transferred case to procedurally "catch up" to the case it is joining.  The reason for the 5 month extension of the current trial date and corresponding upcoming deadlines is based on the fact that the deadlines in the current schedule were already effectively stayed for at least 2 months per the October 15, 2019 Stipulation and Order to Extend Deadlines [D.I. 94] because those deadlines were keyed off of a claim construction decision anticipated to follow approximately 60 days after a claim construction hearing date set for November 26, 2019.  The claim construction hearing, however, had to be rescheduled to January 23, 2020 due to the illness of one of the presenting attorneys, which created an additional 2 month effective stay of the deadlines.

Under the circumstances, even in the TeamViewer US action alone it would have been difficult in any event to complete all the activities contemplated by the parties under the current scheduling order.  By way of example, under the current schedule, if the parties received the claim construction decision as anticipated approximately 60 days after the hearing, then a January 23, 2020 claim construction date would suggest a claim construction decision around March 23, 2020, which in turn would trigger a fact discovery deadline of around July 5, 2020 ("135 days after receipt of a Claim Construction Order"), initial expert reports around August 4, 2020, the deadline to take expert depositions around October 8, 2020, and case dispositive briefing would conclude around December, 14, 2020—the same day on which trial is currently scheduled.

The current schedule as it now stands does not allow a reasonable period of time for the Court to consider dispositive motions or for the parties to prepare pretrial submissions and participate in a pretrial conference.  Another 3-4 months would usually be anticipated for such activities and would take the current schedule to March-April 2021, even without considering the effects of consolidating another case into the schedule where the response to the complaint in that case is not due until late this month and no written discovery has been served.

In addition to the inherent timing difficulties in the current schedule, Defendants believe that some additional time is needed in the current schedule to allow TeamViewer GmbH to develop its defenses and for both parties to sufficiently conduct discovery in the newly consolidated case, especially since it involves a defendant physically located in Germany and there may be some delays due to distance and/or privacy and data laws involving non-US countries.  For example, TeamViewer GmbH is subject to the General Data Protection Regulation ("GDPR"), implemented in 2018.  There has been very little case law in the U.S. thus far as to how the GDPR affects discovery obligations in U.S.-based litigation.  Thus, the parties will likely need adequate time to work through any issues that arise.  Even more importantly, TeamViewer GmbH should be afforded enough time to develop its defenses to Aqua Connect's claims. TeamViewer GmbH has not been a party to the TeamViewer US action that has been pending in



Magistrate Judge Maryellen Noreika
Page Four

this Court.  Aqua Connect could have named TeamViewer GmbH as a defendant, and chose not to, instead waiting another eight months to file suit against TeamViewer GmbH.  And when Aqua Connect did so, it filed suit in an entirely different venue across the country.  It would be unfair and prejudicial for TeamViewer GmbH to have to develop its defense under the schedule that was set in another case filed ten months prior.

Accordingly, Defendants are proposing a trial date of May 3, 2021, to alleviate the timing difficulties in the current schedule and also account for 1-2 months of additional time to conduct discovery on a foreign entity subject to non-US data and privacy protections.  Attached as **Exhibit A** is a chart showing the current schedule and the Defendants' proposed revisions to the current schedule.

Respectfully submitted,

| **STAMOULIS & WEINBLATT LLC** | **DLA Piper LLP (US)** |
|---|---|
| */s/ Stamatios Stamoulis* | */s/ Denise S. Kraft* |
| Stamatios Stamoulis (DE Bar No. 4606) | Denise S. Kraft (DE Bar No. 2778) |

Cc: All Counsel of Record (via CM/ECF)