

October 9, 2020

Stamatios Stamoulis
stamoulis@swdelaw.com

<u>VIA HAND DELIVERY AND CM/ECF</u>
The Hon. Maryellen Noreika
United States District Court
844 N. King Street, Unit 26
Wilmington, DE 19801

**RE:** *Aqua Connect, Inc. and Strategic Technology Partners, LLC v. TeamViewer US, LLC and TeamViewer GmbH*, C.A. No. 18-01572-MN (LEAD CASE)

Dear Judge Noreika,

I write on behalf of Plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC ("Plaintiffs") in the above-captioned action. Plaintiffs hereby seek an order compelling defendants TeamViewer US, LLC and TeamViewer GmbH (collectively, "Defendants") to make their designated representatives Michael Schanz, Fahed Saleh, Stefan Prestle, and Georg Beyschlag available for deposition in this District, as required by this Court's Joint Scheduling Order. *See* Dkt. 23, ¶ 8(e)(ii).

<u>*First*</u>, as an initial matter, deposing these witnesses in the U.S. is simply a necessity, because depositions cannot occur at this time in Germany (where the witnesses reside), due to Covid-19 restrictions. The U.S. Consulate General Frankfurt – where depositions in Germany must be conducted – has confirmed in an email to Plaintiffs' counsel that "due to the current situation we cannot accommodate any deposition[s]." *See* Ex. A at 3; Ex. B (Deposition Rules, as provided by Special Consular Services to Plaintiffs' counsel on September 8, 2020). The Court's ordinary rule requiring depositions for claimants to be conducted in this District upon request is designed to avoid such "significant complications" that "may have a detrimental impact on the discovery process intended by the Federal Rules of Civil Procedure." *Invensas Corp. v. Renesas Elecs. Corp.*, No. 11-448-GMS-CJB, 2012 U.S. Dist. LEXIS 92455, at *10 (D. Del. June 27, 2012) (denying defendant and counterclaimant's motion to allow depositions of its corporate witnesses to proceed in Japan). Conducting these depositions in the U.S. is the only way to move this case forward. Otherwise, this case will remain at an indefinite standstill.

<u>*Second*</u>, the Court's Scheduling Order requires TeamViewer US LLC to submit to depositions of its witnesses in this District upon Plaintiff's request. In particular, it provides that "[a]ny party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district." Dkt. 23 at ¶ 8(e)(ii). It further provides that "[a] defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as

The Honorable Maryellen Noreika
October 7, 2020
Page 2

having filed an action in this Court for the purpose of this provision." *Id*.  TeamViewer US has filed four counterclaims in this action and is therefore indisputably subject to the requirements of ¶ 8(e)(ii).  *See* Dkt. 16 at 11-26.  The deponents Messrs. Schanz, Saleh, Prestle, and Beyschlag are each a "representative (officer, director, or managing agent)" of TeamViewer US for purposes of ¶ 8(e)(2).  In its Initial Disclosures, TeamViewer US identified Mr. Schanz as "Team Lead Software Development," Mr. Saleh as "Director, Data," Mr. Prestle as "Senior Vice President, Marketing," and Mr. Beyschlag as "Vice President, Financial Planning & Analysis."  Each witness is therefore a "representative" of TeamViewer US, which it designated for categories of "[i]nformation related to the claims and defenses in this case." *See* Ex. C, "Defendant TeamViewer GmbH's Initial Disclosures and Defendant TeamViewer US, LLC's Supplemental Initial Disclosures" ("Initial Disclosures") at 3-4.  Plaintiffs also formally requested that these depositions be conducted in this District, at the offices of Stamoulis & Weinblatt LLC located at 800 N West Street, Third Floor, Wilmington, DE 19801.  Ex. D deposition notices); Ex. A (correspondence) at 1-2.

*Lastly*, Defendants refuse to accommodate the depositions based on an irrelevant technicality of which corporate entity employs the witnesses.  The truth is, Defendants *jointly* designated these four witnesses as their representatives in their Initial Disclosures, and made no distinction whatsoever of any witnesses only representing one or the other of the related corporate parent and subsidiary defendants, or whether a defendant was employed by a specific entity.  In fact, Defendants' joint Initial Disclosures state that "TeamViewer," as defined as TeamViewer GmbH TeamViewer US, LLC *collectively*, may use these witnesses "to support its claims or defenses." Ex. C at 1 and 3 (emphasis added).  TeamViewer US clearly designated these four witnesses as its "representatives" for purposes of pursuing its counterclaims.[1]  This alone is sufficient to trigger the obligations of ¶ 8(e)(ii).

Moreover, allowing a claimant to circumvent its obligations under ¶ 8(e)(ii) simply by designating employees of a different corporate entity would encourage gamesmanship and subvert the underlying purpose of the rule, which is to require a party who files claims or counterclaims in this District to make its designated representatives available for a deposition in this District upon request.  This is especially important where the depositions cannot otherwise be conducted.

* * *

Defendants delayed this action for many months by refusing to make any core technical documents available until TeamViewer GmbH was named as a defendant and served under the

---

[1] "Representative" is defined as "One who stands for or acts on behalf of another".  *See* Ex. E, Black's Law Dictionary at 1328.  The witnesses are designated by, standing for, and acting on behalf of TeamViewer US LLC regardless of whether they may be employed by its parent corporation.

The Honorable Maryellen Noreika
October 7, 2020
Page 3

Hague Convention. Dkt. Nos. 39 and 90. Now that that is accomplished, Defendants should not be permitted to delay this action even further by designating witnesses in Germany where depositions are impossible for the foreseeable future, and refusing to obey the Court's rules that require a counterclaimant to bring its corporate witnesses to this District upon request.

      For the reasons discussed above, Plaintiffs respectfully request that the Court order TeamViewer US LLC and TeamViewer GmbH to make their jointly-designated witnesses Messrs. Schanz, Saleh, Prestle, and Beyschlag available for deposition at the offices of Stamoulis & Weinblatt LLC, located at 800 N West Street, Third Floor, Wilmington, DE 19801, as required under Section 8(e)(ii) of the Scheduling Order.

                                                    Respectfully,

                                                    Stamatios Stamoulis (#4606)
                                                    *Counsel for Plaintiffs*

cc: Counsel of Record (via CM/ECF)