

**DLA Piper LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

October 13, 2020
*VIA CM/ECF AND HAND DELIVERY*

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

Re:  *Aqua Connect, Inc., et. al.  v. TeamViewer US, LLC, et al.,* Case No. 1:18-cv-01572-MN

Dear Judge Noreika:

Pursuant to the Court's September 17, 2020 order, Defendant TeamViewer US, LLC ("TV US") submits this Letter Brief responding to Plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC's (collectively, "Plaintiffs") October 9, 2020 Letter Brief (D.I. 150).

Plaintiffs are asking the Court to order TV US, as a result of TV US's counterclaims, to bring to Delaware for depositions numerous individuals located in Germany, none of whom are officers, directors, managing agents, or even employees of TV US.  Indeed, none of these noticed individuals have any affiliation whatsoever with TV US.  Rather, they are all employees of the other defendant in the action, TeamViewer GmbH, which has not filed any counterclaims.  As such, there is no basis on which Plaintiffs may demand depositions of these individuals through TV US, let alone demand that those depositions take place outside of Germany.

**I.      TV US is Not Required to Make The Witnesses Available in the United States**

Plaintiffs' argument that the Scheduling Order requires TV US to bring the noticed deponents to the United States because it has filed counterclaims in this case is misguided.  D.I. 150 at 1-2.  Plaintiffs solely rely on the provision in the scheduling order that reads "[a] defendant who becomes a counterclaimant . . . shall be considered as having filed an action in this Court for the purpose of this provision" (D.I. 23 at ¶ 8(e)(ii)), and therefore TV is required to bring these fact witnesses to the United States.  D.I. 150 at 1-2.  This is wrong.  Paragraph 8(e)(ii) of the Scheduling Order, on which Plaintiffs base their motion, pertains ***only*** to depositions of a "party or representative (officer, director, or managing agent) of a party."  But the noticed individuals are not officers, directors, or managing agents, or even employees, of TV US.  Ex. 1, Declaration of Gared P. Conner, ¶ 5.  They are employees only of TeamViewer Germany GmbH or TeamViewer AG[1] (*id.*), and TV US has previously stated that it has no

---

[1] TeamViewer GmbH changed its name to TeamViewer Germany GmbH and TeamViewer US, LLC changed its name to TeamViewer US, Inc. Stipulations regarding corresponding name changes for the Parties are forthcoming.  TeamViewer AG is the company that is listed on the Frankfurt exchange and TeamViewer Germany GmbH and TeamViewer AG have common control.  Herein, TeamViewer Germany GmbH is referred to as "TeamViewer GmbH."

The Honorable Maryellen Noreika
October 13, 2020
Page Two

control over TeamViewer GmbH. *See* D.I. 85 at 2-3. "There is simply no authority for the proposition that a corporate party must produce for deposition fact witnesses who are not employed by, and do not speak for, that party." *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006); *see also Ethypharm S.A. France v. Abbott Labs.*, 271 F.R.D. 82, 90 (D. Del. 2010) ("there is no textual basis in the federal rules for [the] argument that the 'control' test is applicable to the court's consideration regarding [the] request to depose individual witnesses pursuant to Fed. R. Civ. P. 30"). Simply put, a U.S. subsidiary that does not have any control over its foreign parent is not required to make available that foreign parent's employees for deposition. *Ethypharm*, 271 F.R.D. at 90 (declining to order the fact deposition of a non-party, foreign employee).

Plaintiffs also contend, without any support, that the noticed individuals are nevertheless representatives of TV US because TV US identified these individuals in its Initial Disclosures. D.I. 150 at 2. But merely designating them in the Initial Disclosures as persons who may have relevant knowledge does not establish control or representativeness. Nowhere has TV US referred to the noticed individuals as "representatives" of TV US, or even as "representatives" of TeamViewer GmbH, as Plaintiffs misleadingly state. *Id.* Rather, the Initial Disclosures identify "individuals" who may have relevant information, not representatives of the party. *Id.* at Ex. C, 2-4. Indeed, parties routinely disclose third party witnesses that have information related to claims and defenses.

Accordingly, given that the noticed individuals are not representatives of TV US, and TeamViewer GmbH has not filed any permissive (or other) counterclaims against Plaintiffs, paragraph 8(e)(ii) of the Scheduling Order does not apply.

## II.     Plaintiffs Should Depose TeamViewer GmbH's German Employees in Germany

Since paragraph 8(e)(ii) of the Scheduling Order does not apply to TeamViewer GmbH employees, the witnesses should be deposed at a location convenient to the witnesses, absent agreement otherwise. Here, Germany is the most convenient location for the German employees of TeamViewer GmbH. Courts typically respect a non-resident defendant's preference for location of a deposition because they have no say in selecting the forum of the litigation. *See In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010). And when a foreign defendant's deposition is sought, "the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger." *Id.* (vacating magistrate judge's granting of motion to compel depositions in Virginia).

Indeed, during the present state of the pandemic, Germany is the ***only*** feasible location for depositions. Presently, the March 13, 2020 proclamation suspending entry into the United States of aliens from the Schengen Area, which consists of Germany, is still in effect. *See* Ex. 2, https://travel.state.gov/content/travel/en/News/visas-news/presidential-proclamation-coronavirus.html. The proclamation "suspend[s] entry into the United States of aliens who were

The Honorable Maryellen Noreika
October 13, 2020
Page Three

physically present in any of the 26 countries that make up the Schengen Area within 14 days preceding their entry or attempted entry into the United States." *Id.* Therefore, it is our understanding that German citizens are not allowed to enter the United States, except for specifically enumerated reasons which are not applicable here. If a German citizen does travel outside of Germany, upon return they must self-quarantine at home until they have a negative coronavirus test result. *See* Ex. 3, https://www.germany.info/us-en/coronavirus/2317268#content_0. U.S. citizens are similarly not allowed to enter Germany. *See* Ex. 4, https://de.usembassy.gov/covid-19-information/. Plaintiffs have not provided any information to the contrary. *See generally* D.I. 150.

Even if the suspension of entry into the U.S. from Germany is lifted, compelling a deposition in this District could create a grave hardship on the witnesses and their health. There are currently no direct flights from Germany to Philadelphia, and upon arrival in Philadelphia the noticed deponents will need additional travel to reach Wilmington, Delaware. Given travel restrictions, difficulty of travel, and general health, age, and family conditions of the noticed individuals, it would present an undue hardship to require the noticed German residents to travel to Delaware for depositions during this time.

Plaintiffs have manufactured the present dispute—claiming only recently that paragraph 8(e)(ii) of the Scheduling Order requires TV US to bring the noticed individuals to Delaware for deposition. Prior to that, TeamViewer GmbH has made clear to Plaintiffs on numerous occasions that it will make the noticed individuals available for deposition in Germany. *See, e.g.*, D.I. 150 at Ex. A, 9/10/2020 Email from M. Jay to R. Hatch. In Germany, depositions for U.S. litigation must take place at the U.S. Consulate General in Frankfurt. Ex. 5, Deposition instructions from U.S. Consulate General. Upon realizing that the German Consulate is not currently accommodating depositions due to Covid-19 (D.I. 150 at Ex. A, 9/8/2020 Email from Germany, ACS to R. Hatch), Plaintiffs' counsel for the first time claimed that TV US was required to make the deponents available for deposition in the United States. Ex. 6 at 9/8/2020 Email from R. Hatch to M. Jay; 9/10/2020 Email from M. Jay to R. Hatch; 9/10/2020 Email from R. Hatch to M. Jay. But the Court should provide a safety hatch for Plaintiffs' poor planning.

Instead, the only reasonable resolution, which does not place the witnesses in grave danger during these unprecedented times, is to extend the case schedule until such time as Plaintiffs can safely take the depositions of the German witnesses in Germany in accordance with German law.

For the reasons explained above, Team Viewer US respectfully requests that the Court deny Plaintiffs' request for TV US to make the noticed individuals available for deposition in Delaware.

The Honorable Maryellen Noreika
October 13, 2020
Page Four

Respectfully submitted,

/s/ *Brian A. Biggs*

Brian A. Biggs (DE Bar No. 5591)
*Counsel for Defendant TeamViewer US, LLC*

cc: Delaware Counsel of Record (via CM/ECF & Hand Delivery)
All Counsel of Record (via CM/ECF)