IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AQUA CONNECT, INC. a Nevada corporation, and STRATEGIC TECHNOLOGY PARTNERS, LLC, a Nevada limited liability company,<br><br>                Plaintiffs,<br><br>       v.<br><br>TEAMVIEWER US, LLC,<br><br>                Defendant. | C.A. No. 18-01572-MN<br><br>**LEAD CASE** |
| AQUA CONNECT, INC., a Nevada corporation, and STRATEGIC TECHNOLOGY PARTNERS, LLC, a Nevada limited liability company,<br><br>                Plaintiffs,<br><br>       v.<br><br>TEAMVIEWER GmbH,<br><br>                Defendant. | C.A. No. 19-2286-MN |

**JOINT STATEMENT REGARDING EUROPEAN DEPOSITIONS**

      Plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC (collectively, "Aqua" or "Plaintiffs") and defendants TeamViewer US, LLC and TeamViewer GmbH (collectively, "TeamViewer" or "Defendants") submit this Joint Statement Regarding European Depositions, pursuant to the Court's October 16, 2020 Order entered at the hearing on Plaintiffs' Motion to Compel Depositions of TeamViewer's witnesses (Dkt. 150). The parties have conferred via email and telephonically on October 20 regarding the issue of whether depositions of TeamViewer's witnesses may proceed in Europe. The parties have not reached agreement on

the issue of whether depositions should proceed in Europe, and submit their separate positions below.

**Plaintiffs' Position**

Travel is opening back up in Europe. The European Union has launched an official website, http://reopen.europa.eu, which states that "The European Union, and all of its member states, are planning for a safe re-opening of Europe," and that the goal is for "everyone to enjoy their holidays, to reunite with family and friends, and to be able to travel for any purpose." Ex. A. The website states that "Entry from EU Member States + Schengen Associated countries <u>is allowed without restrictions</u>, unless a country or region is defined as high risk area." Ex. B (emphasis added). It notes that "[t]he Robert Koch Institute provides a list of international risk areas, which is updated regularly." We have attached an English version of the latest Robert Koch Institute list identifying the areas that are considered "high risk." Ex. C.

*First*, At least the following **five countries** are not "high risk" according to the Koch Institute list (or include regions that are not "high risk"), *and* freely allow depositions to be conducted of voluntary witnesses. Information regarding depositions in foreign countries is available from https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information.html, attached hereto for the following countries. *See* Ex. E.

- **Cyprus** – Travel and voluntary depositions are permitted. *See* Ex. C (omitting Cyprus from "high risk" areas); Ex. E at 1 ("Oral depositions or depositions on written questions may be taken by U.S. consular officers or by private attorneys from the U.S. or Cyprus at the U.S. Embassy or at another location such as a hotel or office, either on notice or pursuant to a commission.")

- **Finland** – Travel and voluntary depositions are permitted. *See* Ex. C (listing only certain regions of Finland as "high risk"); Ex. E at 3 ("Voluntary depositions of willing witnesses in civil and commercial matters are permitted regardless of the nationality of the witness.")

- **Italy** – Travel and voluntary depositions are permitted. *See* Ex. C (listing only certain regions of Italy as "high risk"); Ex. E at 4 ("Voluntary depositions may be taken of willing witnesses.")

- **Latvia** – Travel and voluntary depositions are permitted. *See* Ex. C (omitting Latvia from "high risk" areas); Ex. E at 6 ("Voluntary depositions may be conducted in Latvia regardless of the nationality of the witness, provided no compulsion is used.")

- **United Kingdom** – Travel and voluntary depositions are permitted. *See* Ex. D at 1-2 (listing Germany among the states that can "travel to England and may not have to self isolate."); Ex. C (listing only portions of the United Kingdom as "high risk"); Ex. E at 9 ("Voluntary depositions of willing witnesses in civil and commercial matters are permitted regardless of the nationality of the witness.")

*Second*, the following **two countries** are also possible deposition venues, given that travel is permitted and there is information stating that depositions are prohibited:

- **Lithuania** – Travel is permitted and voluntary depositions are not prohibited. *See* Ex. C (listing only certain regions of Lithuania as "high risk"); Ex. E at 8 (no information that depositions are prohibited).

- **Estonia** – Travel is permitted and voluntary depositions are not prohibited.  *See* Ex. C (listing only certain regions of Hungary as "high risk"); Ex. E at 2 (no information that depositions are prohibited).

As shown above and in the attached Exhibits A-E, TeamViewer has several viable options for making its witnesses available for depositions in Europe.

TeamViewer's objections lack merit.  TeamViewer objects that some regions of the above countries are "high risk," but the depositions can simply proceed in the other regions that are not so designated.  TeamViewer also objects that its witnesses may be required to self-isolate for 14-days upon return to Germany, or may be required provide a negative coronavirus report.  These are ordinary travel precautions, and are not particularly disruptive given that the witnesses almost certainly have remote-work arrangements.  Contrary to TeamViewer's arguments, no "approval with a consular or central authority" is required in any of the identified countries.  *See* Ex. E.  To the extent TeamViewer offers any "alternative methods" for discovery in written form, such procedures are not a substitute for deposition examination.  Lastly, TeamViewer objects that certain Hague Convention procedures may be required if the witnesses are not deemed "voluntary."  However, TeamViewer voluntarily designated these witnesses on its Initial Disclosures and will be voluntarily presenting their testimony in trial.  Given that TeamViewer's witnesses are voluntary, any procedures for compelling depositions under the Hague Convention do not apply.

In conclusion, Plaintiffs need the depositions of TeamViewer's witnesses to move this case forward.  This is necessary corporate testimony from the only witnesses that both Defendants have jointly identified on discovery topics needed for trial.  TeamViewer plans to

bring these witnesses to the United States to testify at trial, so they can and should bring them to a closer country to Germany for remote depositions.

Accordingly, Plaintiffs propose that the parties confer to identify a mutually-agreeable location, date, and time for the depositions. The depositions should proceed within 21 days following completion of the code review and printing, and following completion of TeamViewer's further document productions and interrogatory responses.

### **Defendants' Position**

TeamViewer thanks the Court for its guidance at the October 16, 2020 hearing and is committed to finding a way to conduct these depositions as soon as they can be conducted safely and in accordance with the laws in the applicable jurisdiction. Unfortunately, given the recent Covid spike in Europe and the laws of the countries in the Schengen region, live depositions are not feasible at present.

Travel has not "re-opened" in Europe. In fact, lockdowns and travel restrictions are on the rise across the region as the number of cases spike. TeamViewer has investigated alternative locations for the depositions of TeamViewer GmbH employees across Europe and has not identified any location outside of Germany that is a viable option at this time. Based on TeamViewer's investigation, major cities across Europe are considered high risk areas to the German government. *See* Ex. 1, https://www.rki.de/DE/Content/InfAZ/N/Neuartiges_Coronavirus/Risikogebiete_neu.html. For instance, continental France, the Netherlands, Denmark, and Spain are all currently designated as high-risk areas. *Id*. Several regions of other European countries, such as the United Kingdom, Ireland, Sweden, Switzerland, Italy, and Austria are similarly considered high risk. *Id*. If German citizens travel to any of these high-risk areas, upon return they must "self-isolate for 14 days" or provide a negative coronavirus test

result.  *See* Ex. 2, https://www.dw.com/en/traveling-germany-coronavirus/a-54124541; Ex. 3, https://www.germany.travel/en/information-on-coronavirus.html.

Further, the state where TeamViewer GmbH's office is located, Stuttgart, has seen a spike in new COVID-19 diagnoses.  See Ex. 5 at 2, https://coronavirus.stuttgart.de/item/show/701525.  On the state's website, new regulations have been put in place to stop the spread and it is believed that "[t]he number of infected people is rising again, driven mainly by people retuning from their travels."  See Ex. 4 at 5, https://coronavirus.stuttgart.de/.

Given the rising number of cases, the noticed deponents are concerned about travelling.  Each of the destinations considered would require travel by airplane or a very long, multi-day drive.  Some of the locales discussed, such as Cyprus, are only available by air.  At least one deponent is in a high-risk category due to age and a family history of asthma.  Another deponent has a pregnant wife, and another has children to care for.  While not exhaustive, this is exemplary of the types of conditions that add to the risk of any travel.   With the quarantine requirement upon return to Germany, travelling at this time would create an undue burden for the deponents.

Additionally, guided by the State Department's synopsis of Hague Convention countries, the parties discussed other nations within the Schengen Area or nearby that might be available had safe travel even been possible.  *See* Ex. 6, https://fam.state.gov/FAM/07FAM/07FAM0930.html#M935_1.  Most of them present legal hurdles on top of the travel restrictions that make difficult or render impossible conducting a deposition therein.  For instance, Switzerland would only allow a deposition if approval was granted from their Hague Convention

central authority, the Federal Department of Justice and Police. DLA attorneys contacted this office by phone and were told permission would not be granted for deposing German citizens.

The parties also discussed Bulgaria, which does not allow voluntary depositions, Estonia, Finland, and Latvia, which have neither objected to nor declared the Hague section on deposition of witnesses, and Czech Republic, Norway, Hungary, Italy, and Lithuania, which each require some approval with a consular or central authority.  The parties even discussed Cypress, in the Mediterranean between Turkey and Lebanon, which also appears to require consular approval.   To date, Plaintiffs have not confirmed that consular permission at Cypress, Czech Republic, Norway, Hungary, Italy, or Lithuania, would be granted, leaving no reason to presume they would differ from Germany and provide consular permission.

If Plaintiffs insist on conducting these depositions live, TeamViewer proposes that the parties continue to monitor the quarantine and travel restrictions over the next 30 days and then provide a status report to the Court.  Fact discovery does not close until December 18, 2020, so waiting 30 days to reevaluate causes no prejudice to Plaintiffs.  In the alternative, TeamViewer has proposed alternative methods to gain discovery from TeamViewer witnesses in written form in an effort to move the case forward on the current schedule while maintaining the health and safety of the witnesses, their families, and counsel.

Dated: October 20, 2020

| **STAMOULIS & WEINBLATT LLC** | **DLA PIPER LLP (US)** |
|---|---|
| */s/ Stamatios Stamoulois* <br> Stamatios Stamoulois (DE Bar No. 4606) <br> Richard C. Weinblatt (DE Bar No. 5080) <br> Two Fox Point Centre <br> 6 Denny Road, Suite 307 <br> Wilmington, DE 19809 <br> Tel: (302) 999-1540 <br> Stamoulis@swdelaw.com <br> Weinblatt@swdelaw.com <br><br> *Attorneys for Plaintiff Aqua Connect, Inc., and Strategic Technology Partners, LLC* | */s/ Brian A. Biggs* <br> Brian A. Biggs (DE Bar No. 5591) <br> Erin E. Larson (DE Bar No. 6616) <br> 1201 North Market Street, Suite 2100 <br> Wilmington, DE 19801 <br> Tel: (302) 468-5700 <br> brian.biggs@dlapiper.com <br> erin.larson@dlapiper.com <br><br> *Attorneys for Defendants TeamViewer US, LLC and TeamViewer GmbH* |