

**DLA Piper LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801-1147
www.dlapiper.com

February 24, 2022
*VIA CM/ECF*

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

Re:  *Aqua Connect, Inc., et. al. v. TeamViewer US, LLC, et al.,* Case No. 1:18-cv-01572-MN

Dear Judge Noreika:

The TeamViewer Defendants submit this Letter Brief responding to the Aqua Connect Plaintiffs' February 23, 2022 Letter Brief (D.I. 196).  Plaintiffs ask the Court to strike three portions of TeamViewer's *Expert Report of Dr. Benjamin Goldberg Regarding Invalidity* (Ex. A to D.I. 196, the "Goldberg Report").  All three of Plaintiffs' requests must be denied.  First, the Court's order on TeamViewer's Rule 12(c) motion was not, and could not to be, a judgment on the merits against TeamViewer.  At that stage in the proceedings, the Court could decide only that the Complaint as pleaded could proceed.  Second, Dr. Goldberg offers testimony on the same indefiniteness theories that TeamViewer disclosed to Plaintiffs long ago.  And the Court, at the claim construction hearing, explicitly left this issue open for later testimony by the experts, and actually required that additional evidence be submitted.  Third, the nine documents about which Aqua Connect complains are nothing more than background materials on which Dr. Goldberg relies, and were timely produced with Dr. Goldberg's invalidity expert report.  There is no basis for this Court to strike any of the Goldberg Report.

## I.    Section XV of the Goldberg Report Properly Addresses Patent-Eligibility Issues

Section XV of the Goldberg Report supports TeamViewer's argument that the patent claims are patent-ineligible subject matter.  TeamViewer raised this issue in its Answer and in a Rule 12(c) motion early in the case.  Plaintiffs argue that the Court already issued judgment on this issue, foreclosing TeamViewer's case at trial.  This argument is entirely unsupported.

The Court denied TeamViewer's Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings concerning its 35 U.S.C. § 101 arguments.  D.I. 147.  But nothing in the Court's order suggests that it is a final judgment, rendered with prejudice, or forecloses the issue at trial.  In fact, Rule 12 says nothing about rendering final judgment on an issue, or otherwise creating an estoppel binding a party.  Rather, denial of a Rule 12 motion is without prejudice.  *See, e.g., Cronos Techs., LLC v. Expedia, Inc*., No. CV 13-1538-LPS, 2015 WL 5234040 (D. Del. Sept. 8, 2015); *Kaavo Inc. v. Cognizant Tech. Sols. Corp*., No. CV 14-1192-LPS-CJB, 2016 WL 476730, at *1 (D. Del. Feb. 5, 2016); *Bell Atl.-Pennsylvania, Inc. v. Pennsylvania Pub. Util. Comm'n*, 273 F.3d 337, 343 (3d Cir. 2001) (denying a motion to dismiss does not end the litigation and is not a final order).  Courts routinely put the issue of patentability to the jury, and it often turns on expert testimony.

The Honorable Maryellen Noreika
February 24, 2022
Page Two

*See, e.g., VS Techs., LLC v. Twitter, Inc.*, No. 2:11CV43, 2012 WL 1481508, at *4 (E.D. Va. Apr. 27, 2012); Proposed Jury Instructions and Verdict Form*, PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021 (E.D. Tex. 2019) (Nos. 158, 165) (jury asked whether asserted claims involved "well-understood, routine, and conventional" activities) (attached as Exs. 1 and 2). TeamViewer should be permitted to do so here.

## II.    Section XIV of the Goldberg Report Does Not Present New Indefiniteness Theories

Section XIV of the Goldberg Report presents indefiniteness evidence concerning the term "Mach-derived." Goldberg Report at 81-84. TeamViewer first disclosed that the "Mach-derived" claim term was indefinite under 35 U.S.C. § 112 in its December 13, 2018 Answer and Counterclaims. D.I. 16 at Fourth Affirmative Defense, Counterclaims ¶¶ 26-33, 88-91. And it did so in significant detail. *Id.* TeamViewer likewise disclosed in its final invalidity contentions that under § 112(2) (pre-AIA), "Mach-derived" is an indefinite term because it "is not explained in the specification and a person of ordinary skill in the art would be unable to determine its meaning with reasonable certainty." D.I. 196, Ex. B at 28-29. TeamViewer also briefed this indefiniteness issue during claim construction. D.I. 96 at 6-11, 15-18.

Dr. Goldberg's indefiniteness opinions are consistent with what TeamViewer previously and consistently advanced. Dr. Goldberg explains that "multiple Unix operating systems of the time of the invention were Mach-derived," but during prosecution Applicant distinguished "Unix" systems as not being Mach-derived. D.I. 196 at 2 (citing Goldberg Report at 81-84). This is the same point TeamViewer pleaded in its Answer and raised at claim construction: "The specification provides no explanation, much less reasonable certainty, of what is meant by 'Mach-derived' or 'Mach context[s]' to a person of ordinary skill in the art." D.I. 96 at 8.

Importantly, the Court explicitly left open the issue of the indefiniteness of "Mach-derived" under the Court's construction, holding that TeamViewer "may raise the [indefiniteness] issue later *after full fact and expert discovery*." D.I. 110, 25:16-21 (emphasis added) (attached as Ex. 3). The Court went further, pointing out that "I would expect to receive more fulsome discussion and explanation of the issue, *as well as ample evidence to support attorney argument*." *Id.* (emphasis added). TeamViewer and Dr. Goldberg are only providing what the Court explicitly required. Plaintiffs' position that they were unaware of TeamViewer's indefiniteness case, or that this case has somehow been foreclosed from expert discovery and trial, is baseless.

## III.    Section XIV of the Goldberg Report Properly Relies on Background Materials

Plaintiffs urge the Court to strike every reference in the Goldberg Report to the documents disclosed at TEAM0016756-TEAM0017295. This Bates range comprises documents produced with the Goldberg Report that Dr. Goldberg uses for background, including webpages, articles, books, and Wayback Machine declarations to establish authenticity. The documents are

The Honorable Maryellen Noreika
February 24, 2022
Page Three

referenced in only three paragraphs of the report to support that at the time of the invention (i) Unix operating systems were Mach-derived (¶¶ 89, 219) and (ii) a POSITA would have understood that Mac OS X is Unix compatible (¶ 224).  These documents are proper and timely disclosed expert report background materials showing the state of the art at the time of the invention and/or the general knowledge of a person of skill in the art.  *See, e.g., British Telecomms PLC v. IAC/InterActive Corp*, 2020 WL 3047989, at *6 (D. Del. June 8, 2020); *TQ Delta, LLC v. ADTRAN, Inc.*, 2019 WL 4346530, at *3-4 (D. Del. Sept. 12, 2019); *see Bayer HealthCare LLC v. Baxalta Inc.*, 2019 WL 297039, at *2 (D. Del. Jan. 22, 2019) (no substantial prejudice when plaintiff can reply and depose defendant expert on newly disclosed material).

## IV.    All of Plaintiffs' Issues Can Be Resolved With Responsive Reports and in Deposition

Even if Dr. Goldberg had identified new grounds of invalidity in his report, which he did not, the Court should still deny Plaintiffs' motion to strike.  Striking invalidity grounds is an extreme sanction that would prejudice Defendants' ability to defend themselves.  *See In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 791-92 (3d Cir. 1994) (exclusion is an "extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence"). Courts in the Third Circuit favor resolution of disputes on their merits, particularly with respect to patent validity, which raises public interest concerns extending beyond dispute between the parties. *See EMC Corp. v. Pure Storage, Inc.,* 154 F. Supp. 3d 81, 93 (D. Del. 2016).

There is no prejudice to Aqua Connect for any of its alleged issues.  As demonstrated above, TeamViewer disclosed its ineligible subject matter and indefiniteness positions repeatedly and presented them at preliminary hearings.  The documents upon which Dr. Goldberg relies are routine background materials, common in expert reports.  Plaintiffs have ample opportunity remaining to address any issues in their responsive or reply expert reports, in expert depositions, with trial testimony, or with cross-examination.  *Bayer HealthCare LLC*, 2019 WL 297039, at *4.

Because there has been no failure to disclose by TeamViewer, Plaintiffs' discussion of the *Pennypack* factors is inapposite.  Even so, the factors weigh in TeamViewer's favor.  First, as suggested by Plaintiffs, TeamViewer's indefiniteness theory is unquestionably important as it asks the Court to strike a potentially case dispositive defense.  Second, as explained above in § II, there has been no prejudice or surprise to Plaintiffs as to TeamViewer's indefiniteness theory.  Third, any alleged prejudice can be cured in expert discovery.  Fourth, there can be no disruption of trial as any alleged prejudice can be cured.  Fifth, there has been no bad faith or willfulness by TeamViewer.  Aqua Connect provides no evidence of such, nor any case law to support that disclosing an alleged "inconsistent" invalidity theory amounts to bad faith.  D.I. 196 at 3.

TeamViewer respectfully requests that the Court deny Plaintiffs' motion.

The Honorable Maryellen Noreika
February 24, 2022
Page Four


Respectfully submitted,

/s/ *Brian A. Biggs*

Brian A. Biggs (DE Bar No. 5591)
*Counsel for Defendants TeamViewer US, Inc*
*and TeamViewer Germany GmbH*

cc:     Delaware Counsel of Record (via CM/ECF)
        All Counsel of Record (via CM/ECF)