

Stamatios Stamoulis
stamoulis@swdelaw.com

April 13, 2022

VIA HAND DELIVERY AND CM/ECF
The Hon. Maryellen Noreika
United States District Court
844 N. King Street, Unit 26
Wilmington, DE 19801

   Re: Plaintiffs' Daubert Letter Brief;
     *Aqua Connect, Inc. et al. v. TeamViewer US, LLC*, Case No. 1:18-cv-1572-MN
     (D. Del.)

Dear Judge Noreika:

 Pursuant to the Court's Order (Dkt. 199) regarding motions on summary judgment and Daubert issues, plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC (collectively, "Aqua" or "Plaintiffs") submit this letter brief on its proposed Daubert motion, or alternatively in a motion in limine.

### 1. The Court Should Exclude Dr. Goldberg's Testimony of An Undisclosed Design-Around

 During discovery, Aqua served interrogatories to elicit design-arounds, e.g.: "Describe in detail all design-arounds for the Patents-in-Suit, including all relevant changes to the TeamViewer Products to implement a design-around, whether any design-around was implemented, the date when any design-around was implemented, and a detailed description of all costs associated with implementing any design-around."  Defendants did not identify any design-around in response to these interrogatories, and even stated that they "do[] not possess non-privileged information responsive to this Interrogatory."[1]

 Now, non-infringement expert Dr. Goldberg attempts to opine that TeamViewer US, LLC and TeamViewer GmbH (collectively "Defendants," or "Teamviewer") "could have inexpensively and relatively quickly" implemented a design around, based on "discussions with TeamViewer engineers and Software Development Team Leader, Michael Schanz."[2]  The alleged design-around would involve altering what data is processed by the accused TeamViewer processes.  Dr. Goldberg states that the design-around could be performed with "one full time programmer and the expected length of the project would have taken 6 months to a year."[3]

---

[1] Ex. A, Defendants' Responses to Rog 14 (TeamViewer US) and 12 (TeamViewer Germany).
[2] Ex. B, Goldberg Rebuttal Report, p. 67-71; ¶ 205.
[3] *Id*., p. 69, ¶ 205.

The Honorable Maryellen Noreika
April 13, 2022
Page 2

Defendants' damages expert Christopher Bakewell also relies on the undisclosed design-around. Bakewell Rebuttal Report at 30-33, ¶¶ 94-106.

Aqua was prejudiced by Defendants' failure to disclose their alleged design-around. Dr. Goldberg relies on Mr. Schanz, who was TeamViewer's 30b6 witness on technical topics, and other TeamViewer engineers. Aqua would have questioned Mr. Schanz and the other engineers on the alleged design-around, had they been disclosed. Thus, the Court should exclude the testimony of Dr. Goldberg and Dr. Bakewell regarding the undisclosed design-around.

### 2. The Court Should Exclude Goldberg's Testimony of Obviousness "For the Reasons Set Forth in the Body of This Report"

In the invalidity claim charts attached to his Opening Report, Defendants' expert Dr. Goldberg offers testimony of obviousness "for at least the reasons set forth in the body of this report," e.g.:[4]

> If the Judge or Jury finds that Price '518 does not disclose this limitation, this claim is still rendered obvious. A POSITA in 2008, would have clearly understood how to implement the claimed method (and this specific step) on a "Mach-derived" operating system to create Mach-contexts in the Price '518 system for at least the reasons set forth in the body of this report.

This testimony should be excluded, because it allows Dr. Goldberg to pick any arbitrary paragraph among the 96 pages and 275 paragraphs of the body of his report, and insert it into his analysis for any of the claim elements having this language.

### 3. The Court Should Exclude Dr. Goldberg's Reliance on the Baratto Prior Art

---

[4] Ex. C, Goldberg Opening Report, Appendix 386.A at 7 (emphasis added); *see also* Appendix 386.A at elements 1.a, 1.d, 25.pre, 27.a, and 31 (incorporating 1.a) *see also* Appendix 386.B at elements 1.e; 25.a, 25.h, 25.m (incorporating 1.e); 1.n; 25.c, 25.p, and 27.c (incorporating 1.n); 31; and 32 (incorporating 31); *see also* Appendix 386.C at elements 1.a; 1.d, 25.pre, 25.i, 25.n, 27.a, and 31 (incorporating 1.a); 25.i; 27.l (incorporating 25.i); *see also* Appendix 386.D at elements 1.h; 25.h, and 25.m (incorporating 1.h); *see also* Appendix 386.E at elements 1.a; 25.pre, 27.a, 31, and 32 (incorporating 1.a); 1.h; 25.h, and 25.m (incorporating 1.h); *see also* Appendix 502.A at elements 1.a; 1.c, 1.e, 8.a, 8.c, 25.h, 25.i, 27.a, 31, and 37.a (incorporating 1.a); 8.a; 8.b, 25.pre, 27.pre and 27.b (incorporating 8.a); *see also* Appendix 502.B at elements 1.f; 8.h, 25.a, and 25.l (incorporating 1.f); 1.o; 8.q, and 37.v (incorporating 1.o); 1.p; 8.r, 25.c, 25.o, and 37.w (incorporating 1.p); *see also* Appendix 502.C at elements 1.a; 1.c, 1.e, 8.a, 8.c, 25.h, 25.i, 27.a, 31, and 37.a (incorporating 1.a); 8.a; 8.b, 25.pre, 27.pre and 27.b (incorporating 8.a); *see also* Appendix 502.D at elements 1.i; 8.k, 25.a and 37.p (incorporating 1.i); *see also* Appendix 502.E at elements 1.a; 1.b, 1.c, 1.d, 1.e, 8.a, 8.b, 8.c, 25.h, 25.i, 27.a, 31, 32, and 37.a (incorporating 1.a); 1.i; 8.k, 25.a and 37.p (incorporating 1.i); 8.a; 25.pre, 27.pre, and 27.b (incorporating 8.a).

The Honorable Maryellen Noreika
April 13, 2022
Page 3

    Dr. Goldberg cites and relies on US Patent No. 7,730,157 ("Baratto") repeatedly in his opening report.[5] For example, a representative citation from Baratto as it appears in one of Dr. Goldberg's claim charts is as follows:

> Moreover, US Patent No. 7,730,157 ("Baratto") discloses:
>
> > To deliver effective performance for applications that use offscreen drawing operations, thin-client computing systems in accordance with one or more embodiments of the invention provide a translation optimization that tracks drawing commands as they occur in offscreen memory. The server then sends only those commands that affect the display when offscreen data are copied onscreen.
>
> Baratto at 9:15-20.

    This testimony should be excluded, because Baratto was not among the prior art in Defendants' notice of narrowing of prior art, and its inclusion exceeds the limit of six references set by the Court.[6] Dr. Goldberg claims that his citation to Baratto is only offered to show what was known by a person of skill in the art. But this use is indistinguishable from the reference's use as part of an obviousness combination. The Court should therefore exclude Dr. Goldberg's from testifying regarding the Baratto prior art.

Respectfully submitted,

Stamatios Stamoulis
*Counsel for Plaintiff*

cc: Counsel of Record (via CM/ECF)

---

[5] *See, e.g.*, Ex. D., Goldberg Opening Report, ¶¶ 131, 132, 145, 146, Appx 386.D, p. 15, element 1.h ("determining, by the agent server, that any portion of the user computer data has been updated;"), incorporated by 25.h, 25.m; Appx 502.D, p. 19, element 1.i, incorporated by 8.k and 37.p.

[6] *See* Ex. E. The reference to "Apple Technical Note TN2083" comprises two separate references – a 2006 version of the document and a 2007 version of the document. *See* Goldberg Depo. Tr. at 53:11-14 ("And you are not alleging that they comprise a single piece of prior art? A. I think that's right. They stand on their own.")