

STAMOULIS & WEINBLATT LLC
*Intellectual Property & Delaware Corporate Law*

Stamatios Stamoulis
stamoulis@swdelaw.com

April 22, 2022

VIA HAND DELIVERY AND CM/ECF
The Hon. Maryellen Noreika
United States District Court
844 N. King Street, Unit 26
Wilmington, DE 19801

> Re:     Plaintiffs' Response to Motion to Strike;
> *Aqua Connect, Inc. et al. v. TeamViewer US, Inc.*, Case No. 1:18-cv-1572-MN
> (D. Del.)

Dear Judge Noreika:

Plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC (collectively, "Aqua" or "Plaintiffs") submit this letter brief in response to the request to strike Paragraph 18 of the Reply Expert Report of Dr. Michael Shamos, Ph.D., J.D. Concerning Infringement ("Shamos Reply Report"), set forth in a letter brief filed by Defendants TeamViewer US, LLC and TeamViewer GmbH (collectively, "TeamViewer") (Dkt. 210).  Defendants' take issue with Dr. Shamos' citation in Paragraph 18 to two publicly-available documents: a timeline of Unix development by a Éric Lévénez (the "Lévénez Timeline"), and a the "Mach Overview" section of the Apple Kernel Programming Guide (referred to in Dkt. 210 and herein as the "Apple Developer Guide").  The motion should be denied for the following reasons.

## 1.   The Two Documents Rebut a New Non-Infringement Theory

Plaintiffs' expert Dr. Shamos initially cited evidence that "Mach's derivatives are the basis of the modern operating system kernels in GNU Hurd and Apple's operating systems <u>macOS</u>, <u>iOS</u>, tvOS, and watchOS." *See, e.g.*, Shamos Opening Report, Ex. C at 5 (citing https://en.wikipedia.org/wiki/Mach_(kernel), visited May 15, 2019) (emphasis added).  This is the same evidence that Plaintiffs cited in their infringement contentions, to which Defendants never objected in their non-infringement contentions.  *See* Ex. 1.  Defendants cited the same source to support their non-infringement arguments, *Id.* at 8, and Dr. Goldberg admitted in deposition that "I didn't identify any specific errors in the entry, in the Wikipedia entry."  Ex. 2, 137:16-25.  Despite this, Dr. Goldberg included a new theory in his rebuttal report he did not find the source to be reliable. *Id.; see also* Ex. 3, 29-30, ¶¶ 86-89. In response, Dr. Shamos cited Lévénez Timeline and Apple Developer Guide as rebuttal evidence that iOS MacOS are Mach-derived.  It was unnecessary to cite these documents in the opening report on infringement, because Defendants never advanced any theory that the existing evidence was insufficient or somehow unreliable.  Faced with a new theory and new arguments, Dr. Shamos properly cited rebuttal evidence to contradict Dr. Goldberg's opinion, showing that other sources of information support the same conclusion as the evidence he initially relied upon.  *See Astellas Pharma Inc. v. Actavis Elizabeth LLC*, Civil Action No. 16-905-JFB-CJB, 2019 U.S. Dist. LEXIS 87413, at *9

The Honorable Maryellen Noreika
April 21, 2022
Page 2

(D. Del. May 15, 2019), *citing Withrow v. Spears*, 967 F. Supp. 2d 982, 1001-02 (D. Del. 2013) (rebuttal "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert").

### 2.  Defendants Produced the Apple Developer Guide in Discovery

Defendants contend that "Plaintiff never produced the Apple Developer Guide … in discovery." Dkt. 210 at 2.  But Defendants themselves produced this document in discovery, on July 17, 2020.  Ex. 5 and 6.  The document Dr. Shamos cited and the document produced are the same.  Ex. 6 (produced) and Ex. 7 (cited).  While neither party produced the Lévénez Timeline, it is a public document that Defendants' expert was already familiar with in similar forms. Ex. 2, 131:15-20.

### 3.  The Two Documents Are Undisputed Evidence on Validity

The Lévénez Timeline and Apple Developer Guide were initially cited in Dr. Shamos' Rebuttal Report on <u>validity</u>, which was served on March 4, 2022.  Ex. 4, Shamos Rebuttal Report, p. 30 at ¶ 122, Exhibits C and D, p. 20 at ¶ 71.  Defendants do not object to use of these documents for validity, and only object for <u>infringement</u>. Dkt. 210 at 1.  Paragraph 18 is proper because it references Dr. Shamos' unchallenged opinions on validity set forth in Shamos II: "Furthermore, it is established in the Lévénez timeline <u>cited in ¶ 122 of Shamos II</u> that iOS is Mach-derived." (emphasis added).  Defendants do not object to ¶ 122 of Shamos II, and therefore cannot object to Dr. Shamos referencing this same paragraph in Shamos III.  It would confuse the jury to attempt to exclude evidence from the infringement case that is admittedly proper in the validity case.

### 4.  Dr. Goldberg Had the Opportunity to Address the Two Documents in His Reply Report and Deposition

Because the Lévénez Timeline and Apple Developer Guide were first cited in Dr. Shamos' Rebuttal Report on validity, which was served on March 4, 2022, Defendants' expert Dr. Goldberg had the opportunity to review these documents prior to serving his reply report on invalidity on March 24. Ex. 2, 132:20-133:7. He had nearly three weeks to consider these documents, formulate opinions, and address them in his reply report.  Dr. Goldberg did offer opinions on the Lévénez timeline, in paragraphs 39 and 40 of his Reply Report. *Id.* He had also seen timelines similar to the Lévénez Timeline prior to his engagement in this case. *Id.* at 131:15-20. Although he had the chance to address the Apple Developer Guide, Dr. Goldberg testified that he did not mention this document anywhere in his Reply Report. *Id.* at 134:4-21. Nonetheless, Dr. Goldberg does not dispute the information contained in the Apple Developer Guide, which TeamViewer itself produced in this case.   Indeed, when asked whether it is a true statement that "[t]he fundamental services and primitives of the OS X kernel are based on Mach 3.0," as stated in the Apple Developer Guide, Dr. Goldberg stated that "I have no reason to believe that that statement itself is not true." *Id.* at 133:19-134:3. TeamViewer also had the opportunity to question Dr. Shamos regarding these documents at his deposition on April 12.

The Honorable Maryellen Noreika
April 21, 2022
Page 3

### 5. This Motion Should be Denied for the Same Reasons the Court Denied Plaintiffs' Recent Motion to Strike

The Court recently denied a motion to strike brought by Plaintiffs on the basis that the parties should confer and conduct additional discovery as deemed necessary. Dkt. 196, 197; 3/1/22 Tr. at 16:3-8. The instant motion is similar and should be denied for the same reasons. At a hearing held on March 1, the Court denied the motion to strike, stating: "So with respect to the documents, I am going to deny the motion, but if plaintiff thinks that you need a response for additional discovery on those documents, limited additional discovery on those documents, then you should talk with the defendants and try and work something out." The parties worked out that dispute, and in the spirit of the Court's ruling there, Plaintiffs proposed that Dr. Goldberg could submit a five-page report containing his opinions on the Apple Kernel Programming Guide the Lévénez timeline. Ex. 8. Defendants refused and brought this motion instead.

### 6. The *Pennypack* Factors Weigh Against Striking Paragraph 18 of Shamos III

The first factor weights against exclusion because the Lévénez Timeline and Apple Developer Guide were first cited in Dr. Shamos' Rebuttal Report on validity and Defendants' expert had three weeks to review these documents, formulate opinions, and address those opinions in his reply report on invalidity. The second factor, importance of the information withheld, weighs against exclusion, because the information is offered to rebut a new argument raised for the first time in Dr. Goldberg's rebuttal report. The third and fourth factors, the possibility of curing the prejudice and potential disruption of an orderly and efficient trial, also weight against exclusion. Dr. Goldberg had the chance to address both documents in his reply report on invalidity, and Plaintiffs proposed a five-page report to address the documents, which Defendants declined. The fifth factor, bad faith or willfulness, also weighs against exclusion because Defendants admit that they have no evidence to imply an improper motive, and it is Defendants who have exhibited bad faith in claiming Plaintiffs "withheld" or "hid" a document they produced in this action.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to Strike Paragraph 18 of Dr. Shamos' Reply Expert Report Concerning Infringement.

Respectfully,

Stamatios Stamoulis (No. 4606)
800 N West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
stamoulis@swdelaw.com
*Counsel for Plaintiff*

cc: Counsel of Record (via CM/ECF)