# EXHIBIT A

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,143 | 12/23/2022 | 8924502 | 414731-000001 | 3830 |

7590   02/10/2023
Hatch Law PC
13323 W. Washington Blvd.
Suite 302
Los Angeles, CA 90066

| EXAMINER |
|---|
| WOOD, WILLIAM H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/10/2023 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

DLA PIPER LLP US - RESTON
ATTN: PATENT GROUP
11911 FREEDOM DR.
SUITE 300
RESTON, VA 20190

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,143* .

PATENT UNDER REEXAMINATION *8924502* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/019,143 | Patent Under Reexamination 8924502 |
|---|---|---|
| | Examiner WILLIAM H WOOD | Art Unit 3992 / AIA (FITF) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 12/23/2022 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐  PTO-892,    b)☒  PTO/SB/08,    c)☐  Other: ____

1. ☒  The request for *ex parte* reexamination is GRANTED.

      RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

/William H. Wood/
Primary Examiner, Art Unit 3992

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)      **Office Action in *Ex Parte* Reexamination**      Part of Paper No. 20230201

Application/Control Number: 90/019,143 Page 2
Art Unit: 3992

The present application is being examined under the pre-AIA first to invent provisions.

**DECISION ON REQUEST FOR REEXAMINATION**

Reexamination (*Ex Parte*) has been requested by a third party for claims 25 and 27 of US 8,924,502 B2 to Cohen which issued on 12/30/2014 (herein *Cohen*). A Request for *Ex Parte* Reexamination (herein *Request*) was received on 12/23/2022.

A substantial new question of patentability affecting claims 25 and 27 of US 8,924,502 B2 to *Cohen* is raised by the request for *Ex Parte* reexamination filed 12/23/2022. As such the filed request for reexamination is granted.

*Prosecution History Summary*

US 8,924,502 B2 (*Cohen*) issued from U.S. Application 14/035,917 with a filing date on 09/24/2013, and ultimately claiming priority to 61/099,485 with a filing date of 09/23/2008. The following is a summary of the relevant portions of the corresponding prosecution history.

During the prosecution of the US Application 14/035,917 in the Non-Final Office Action of 03/06/2014, the prosecution claims 1-13 were rejected under 35 USC 102(e) as being anticipated by US 2009/0080523 A1 (herein *McDowell*). The response filed 05/28/2014 cancelled prosecution claims 1-13 and added prosecution claims 14-55.

The Notice of Allowance mailed 06/24/2014 allowed prosecution claims 14-55 to become issued claims 1-42, stating:

> None of the prior arts of on the record teach the following non-obvious limitations in combined with other limitations recited in claim 14 that put claim in condition for allowance:
> A method for transmitting data, the method comprising: creating a first context on a Mach-derived system comprising at least one processor, wherein the first context incorporates an agent server; creating a second context on the Mach-derived system,

| Application/Control Number: 90/019,143 | Page 3 |
|---|---|
| Art Unit: 3992 | |

wherein the second context incorporates an agent client; wherein the agent client and the agent server are executed on the Mach-derived system, but in separate processes; generating, by the agent server, the data corresponding to an updated user instance, wherein the data corresponding to the updated user instance comprises user data, wherein the user data comprises at least one of: display data, audio data, biometric data, input data, image data, output data, video data, streaming data, touch screen data, keypad data, joystick data, touchpad data, keyboard data, mouse data, metadata, smart device data, input device data, data from another device appropriate for receiving input directly or indirectly from the user, computer monitor data, speaker data, projector data, data from another device appropriate for outputting data, or output device data; determining, by the agent server, that any portion of the user data has been updated; transferring the data to or from the agent client via a system communication facility based on said determining, wherein said transferring comprises: transferring at least one of: the user data, or metadata corresponding to a shared memory comprising the any portion of the updated user data, between the agent server and the agent client, wherein at least one of the user data or the metadata is transmitted via the system communication facility, wherein the system communication facility comprises at least one of: a socket, a file, a port, or a pipe; and transmitting from the agent client the data over a network to a remote system for update of the user instance based on the data, wherein said transmitting comprises: transmitting at least one of the user data, or the metadata, over the network to the remote system for update of the user instance based on the updated user data or metadata.

Claims 21, 38, 40, and 49-51 although different, further recites similar limitations to those found in claim 14. Therefore, claims 21, 38, 40, and 49-51 are considered to be allowable for the same reasons discussed with claim 14.

Therefore, at least the preceding limitations would be considered important to a reasonable examiner.

After the prosecution of US Application 14/035,917 which resulted in patent US 8,924,502 B2 to *Cohen*, the patent was involved in multiple litigations. Currently, the patent is involved in 1:18cv1572, Aqua Connect, Inc. et al. v. TeamViewer US, Inc.

As noted by the reasons for allowance in the prosecution leading to the RE46,386 *Cohen* patent (a reissue of the 8,549,093 patent which is the parent of the current patent being considered for reexamination 8,924,502), the 03/24/2015 Declaration of Joseph Cohen describes the term "mach-derived" as including the Apple OS X operating system. That declaration also states references the document "Mach 3 Kernel Principles" by Keith Loepere (found in the prosecution of 14/191,450), which

Application/Control Number: 90/019,143 Page 4
Art Unit: 3992

states "Mach was originally developed as a variant of BSD" (see page 1). As such, teachings with regard to at least Apple operating systems and/or BSD (Unix) would be at least pertinent to the term "mach-derived".

### *References of the Request*

The *Request* asserts the following patents and/or printed publications provide teachings relevant to the claims of US 8,924,502 B2 (*Cohen*).

<u>Price</u>

Price et al., US 8,166,518 B2 (herein *Price*) was not cited during the original prosecution. The *Request* asserts the *Price* reference is eligible for application under at least 35 U.S.C. 102(a) and/or 102(e) as the *Price* reference was patented 04/24/2012 from an application filed 11/15/2006 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 26-31)*. The *Request* asserts the *Price* reference teaches *(Request: pages 26-31 and exhibit 17)*: "agent client" and a "agent server" as separate processes and in separate contexts/sessions *(Price: column 3, lines 14-23; column 4, lines 41-59; figures 1 and 5; "slave process" and "master process")*; and such processes being in Mach related/derived environments *(Price: column 4, lines 41-59, "Unix")*. Note, Apple's OS X is related/derived to/from Unix *(Request: page 18)*.

<u>Technical Note TN2083 (2006)</u>

"Technical Note TN2083: Daemons and Agents", (herein *Apple Note 2006*) was not cited during the original prosecution. The *Request* asserts the *Apple Note 2006* reference is eligible for application under at least 35 U.S.C. 102(b) as the *Apple Note 2006* reference was published 07/13/2006 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The

*Request* asserts the *Apple Note 2006* reference teaches *(Request: pages 31-45 and exhibit 18)*: in Mach related/derived environments *(Apple Note 2006: page 1, "Mac OS X")*; and in that environment using "agent server[s]" and "agent client[s]" *(Apple Note 2006: page 20, "agents" and "daemons")*; and communication between session/context *(Apple Note 2006: page 20)*.

*Technical Note TN2083 (2007)*

"Technical Note TN2083: Daemons and Agents", (herein *Apple Note 2007*) was not cited during the original prosecution. The *Request* asserts the *Apple Note 2007* reference is eligible for application under at least 35 U.S.C. 102(a) as the *Apple Note 2007* reference was published 11/05/2007 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The *Request* asserts the *Apple Note 2007* reference teaches *(Request: pages 31-45 and exhibit 18)*: in Mach related/derived environments *(Apple Note 2007: page 1, "Mac OS X")*; and in that environment using "agent server[s]" and "agent client[s]" *(Apple Note 2007: pages 17, 20, 32, 36, "agents" and "daemons")*; and communication between session/context *(Apple Note 2007: pages 17, 20, 32, 36)*. Note, Apple's OS X is related/derived to/from Unix *(Request: page 18)*, which this reference confirms *(Apple Note 2007: page 7, "UIDs and GIDs", "the BSD portions of the system")*.

*Adachi*

Adachi, US 2005/0256923 A1 (herein *Adachi*) was not cited during the original prosecution. The *Request* asserts the *Adachi* reference is eligible for application under at least 35 U.S.C. 102(b) as the *Adachi* reference was published 11/17/2005 from an application filed 05/14/2004 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The *Request* asserts the *Adachi* reference teaches *(Request: pages 40-41 and exhibit 18)*: client/server communication in Mach related/derived environments *(Adachi: paragraphs 0020, 0036, and 0044)*.

Application/Control Number: 90/019,143  Page 6
Art Unit: 3992

<u>Timbuktu</u>

"Getting Started with Timbuktu Pro for Macintosh version 8.6", (herein *Timbuktu*) was not cited during the original prosecution. The *Request* asserts the *Timbuktu* reference is eligible for application under at least 35 U.S.C. 102(b) as the *Timbuktu* reference was published in 2006 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The *Request* asserts the *Timbuktu* reference teaches *(Request: pages 40-41 and exhibit 18)*: remote control and communication, including sharing resources, in Mach related/derived environments *(Timbuktu: pages 6-8, 21, and 28-30)*.

<u>Collins</u>

Collins et al., US 7,028,025 B2 (herein *Collins*) was not cited during the original prosecution. The *Request* asserts the *Collins* reference is eligible for application under at least 35 U.S.C. 102(b) as the *Collins* reference was patented 04/11/2006 from an application filed 05/25/2001 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 24, and 31-45)*. The *Request* asserts the *Collins* reference teaches *(Request: pages 40-41 and exhibit 18)*: client/server communication in Mach related/derived environments *(Collins: column 6, lines 7-67)*.

**Substantial New Question of the Request**

The *Request* asserts a substantial new question of patentability with respect to issued claims 25 and 27 of US 8,924,502 B2 (*Cohen*).

<u>SNQ 1 (Price)</u>

Application/Control Number: 90/019,143 Page 7
Art Unit: 3992

Claims 25 and 27 are proposed as being <u>anticipated</u> by *Price (Request: pages 23, 26-31, and 45; exhibit 17)*.

The disclosures, discussed above, of *Price* constitute teachings pertinent to at least claim limitations: "wherein the Mach-derived computing device comprises a user computer context comprising an agent server, the agent server associated with an agent client, wherein the agent client and the agent server execute on the Mach-derived computing device, the agent client executing in a process separate from and in a separate Mach context from the agent server, wherein the data corresponding to the update to the user instance was generated by the agent server corresponding to the updated user instance"; and "transmitting, by the at least one computer processor of the computing device, input data received from at least one input device of the computing device, over the communications network to the Mach-derived computing device". As revealed in the above "Prosecution History Summary", these limitations were important to the allowance of US 8,924,502 B2 (*Cohen*).

In light of these teachings, *Price* is found to provide new prior art teachings that would be considered important to a reasonable examiner in evaluating the patentability of claims 25 and 27. As now presented, these teachings were not previously considered and *Price* is not merely cumulative to prior art already considered by the Office. Accordingly, *Price* raises a substantial new question of patentability with respect to claims 25 and 27.

<u>SNQ 2 (Price)</u>

Claims 25 and 27 are proposed as being <u>obvious</u> over *Price* in view of the knowledge of one of ordinary skill in the art at the time of invention *(Request: pages 23, 26-45; exhibit 17)*.

These teachings raise a substantial new question of patentability with respect to claims 25 and 27 for the same reasons as presented for SNQ 1.

Application/Control Number: 90/019,143                                                                                           Page 8
Art Unit: 3992

*SNQ 3 (Apple Note 2006, Apple Note 2007, and Price)*

      Claims 25 and 27 are proposed as being obvious over *Apple Note 2006* and *Apple Note 2007* in view of *Price (Request: pages 23, 26-45; exhibit 18)*.

      The disclosures, discussed above, of *Apple Note 2006* and *Apple Note 2007* constitute teachings pertinent to at least claim limitations: "wherein the Mach-derived computing device comprises a user computer context comprising an agent server, the agent server associated with an agent client, wherein the agent client and the agent server execute on the Mach-derived computing device, the agent client executing in a process separate from and in a separate Mach context from the agent server, wherein the data corresponding to the update to the user instance was generated by the agent server corresponding to the updated user instance"; and "transmitting, by the at least one computer processor of the computing device, input data received from at least one input device of the computing device, over the communications network to the Mach-derived computing device". As revealed in the above "Prosecution History Summary", these limitations were important to the allowance of US 8,924,502 B2 (*Cohen*).

      In light of these teachings, *Apple Note 2006* and *Apple Note 2007* are found to provide new prior art teachings that would be considered important to a reasonable examiner in evaluating the patentability of claims 25 and 27. As now presented, these teachings were not previously considered and *Apple Note 2006* and *Apple Note 2007* are not merely cumulative to prior art already considered by the Office. Accordingly, *Apple Note 2006* and *Apple Note 2007* raise a substantial new question of patentability with respect to claims 25 and 27.

Application/Control Number: 90/019,143 Page 9
Art Unit: 3992

### 35 USC 325(d)

A review of the post grant history for the US 8,924,502 B2 (*Cohen*) patent indicates that there have been no other Office post grant challenges involving the patent (Reexamination Proceedings or Inter Partes Review, Post Grant Review, Covered Business Method trials). Accordingly, a determination of whether to exercise discretion to reject the request pursuant to 35 USC 325(d) is not applicable.

### Correspondence Information

**All** correspondence relating to this *ex parte* reexamination proceeding should be directed:

By Mail to:	Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to:	(571) 273-9900
Central Reexamination Unit

By hand:	Customer Service Window
Attn: Central Reexamination Unit
Randolph Building
401 Dulany Street
Alexandria, VA 22314

By EFS:	Registered users may submit via the electronic filing system EFS-Web, at https://efs.uspto.gov/efile/myportal/efs-registered.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to WILLIAM H WOOD whose telephone number is (571)272-3736. The examiner can normally be reached Monday-Friday 7am-3pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

Application/Control Number: 90/019,143 Page 10
Art Unit: 3992

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Alexander Kosowski can be reached on (571)272-3744. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/William H. Wood/
Reexamination Specialist, Art Unit 3992

Conferee:

/RSD/

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992