# EXHIBIT B

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,142 | 12/23/2022 | RE46386 | 414731-000001 | 1252 |

7590    02/10/2023
Hatch Law PC
13323 W. Washington blvd.
Suite 302
Los Angeles, CA 90066

| EXAMINER |
|---|
| WOOD, WILLIAM H |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/10/2023 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

DLA PIPER LLP US - RESTON
ATTN: PATENT GROUP
11911 FREEDOM DR.
SUITE 300
RESTON, VA 20190

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. <u>90/019,142</u>.

PATENT UNDER REEXAMINATION <u>RE46386</u>.

ART UNIT <u>3992</u>.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/019,142 | Patent Under Reexamination RE46386 |
|---|---|---|
| | Examiner WILLIAM H WOOD | Art Unit 3992 — AIA (FITF) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 12/23/2022 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: ____

1. ☒  The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

/William H. Wood/
Primary Examiner, Art Unit 3992

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)                **Office Action in *Ex Parte* Reexamination**                Part of Paper No. 20230127

Application/Control Number: 90/019,142 Page 2
Art Unit: 3992

They The present application is being examined under the pre-AIA first to invent provisions.

## DECISION ON REQUEST FOR REEXAMINATION

Reexamination (*Ex Parte*) has been requested by a third party for claims 25 and 27 of US RE46,386 E to Cohen which issued on 05/02/2017 (herein *Cohen*). A Request for *Ex Parte* Reexamination (herein *Request*) was received on 12/23/2022.

A substantial new question of patentability affecting claims 25 and 27 of US RE46,386 E to *Cohen* is raised by the request for *Ex Parte* reexamination filed 12/23/2022. As such the filed request for reexamination is granted.

### *Prosecution History Summary*

US RE46,386 E (*Cohen*) issued from U.S. Application 14/191,450 with a filing date on 02/27/2014, and ultimately claiming priority to 61/099,485 with a filing date of 09/23/2008. The following is a summary of the relevant portions of the corresponding prosecution history.

During the prosecution of the US Application 14/191,450 in the Final Office Action of 06/13/2016, the prosecution claims 1-3, 8-18, 25-27, 29-31, 33, and 35 were rejected under 35 USC 103(a) as being unpatentable over US 2009/0080523 A1 (herein *McDowell*) in view of US 6,347,342 B1 (herein *Marcos*). Prosecution claims 4, 7, 23, and 24 were rejected under 35 USC 103(a) as being unpatentable over *McDowell* and *Marcos* and in further view of US 2008/0183811 A1 (herein *Kotras*). Prosecution claims 5, 6, 20-22, 28, 32, and 34 were rejected under 35 USC 103(a) as being unpatentable over *McDowell* and *Marcos* and in further view of US 2006/0206820 A1 (herein *Bullard*). Prosecution claim 19 was rejected under 35 USC 103(a) as being unpatentable over *McDowell* and *Marcos* and in further view of US 6,842,901 B1 (herein *Miller*).

| Application/Control Number: 90/019,142 | Page 3 |
|---|---|
| Art Unit: 3992 | |

The Notice of Allowance mailed 11/08/16 allowed prosecution claims 1-35 to become issued claims 1-35, stating:

> The following is an examiner's statement of reasons for allowance: Based on applicant's argument filed on 8/04/16 and the Affidavit/Declaration filed 3/24/15, the prior art singly or in combination does not teach or disclose the all limitations of claims 1, 8, 25, and 27. Specifically, the prior art fails to teach "the agent client and agent server are configured to be executed on the Mach-derived computing device, but in separate processes and in separate Mach Context; generating, by the agent server, data corresponding to an updated user instance... determining, the agent server, that any portion of the user computer data has been updated; transferring the data between the agent server and the agent client via computer system communication facility based on said determining... and transmitting the data over a communication network to a remote computer system for update of the user instance based on the data... " In the Affidavit/Declaration filed on 3/24/15, applicant pointed out that the Mach-derived computing device refers to the Mac OS X. And the claim is allowed with an incorporation of the feature that is unique to the Mac OS X, which is the Bootstrap Server and when traversing Bootstrap Contexts registered by the Bootstrap Server to locate a Mach Object all sibling and children contexts are ignored. The feature is not part of the Window based OS, which is used in the Prior Art McDowell 2009/0080523.

Therefore, at least the preceding limitations would be considered important to a reasonable examiner.

After the prosecution of US Application 14/191,450 which resulted in patent US RE46,386 E to *Cohen*, the patent was involved in multiple litigations. Currently, the patent is involved in 1:18cv1572, Aqua Connect, Inc. et al. v. TeamViewer US, Inc.

As noted by the reasons for allowance in the prosecution leading to the RE46,386 *Cohen* patent, the 03/24/2015 Declaration of Joseph Cohen describes the term "mach-derived" as including the Apple OS X operating system. That declaration also states references the document "Mach 3 Kernel Principles" by Keith Loepere (found in the prosecution of 14/191,450), which states "Mach was originally developed as a variant of BSD" (see page 1). As such, teachings with regard to at least Apple operating systems and/or BSD (Unix) would be at least pertinent to the term "mach-derived".

Application/Control Number: 90/019,142 Page 4
Art Unit: 3992

### *References of the Request*

The *Request* asserts the following patents and/or printed publications provide teachings relevant to the claims of US RE46,386 E (*Cohen*).

Price

Price et al., US 8,166,518 B2 (herein *Price*) was not cited during the original prosecution. The *Request* asserts the *Price* reference is eligible for application under at least 35 U.S.C. 102(a) and/or 102(e) as the *Price* reference was patented 04/24/2012 from an application filed 11/15/2006 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 26-31)*. The *Request* asserts the *Price* reference teaches *(Request: pages 26-31 and exhibit 16)*: "agent client" and a "agent server" as separate processes and in separate contexts/sessions *(Price: column 3, lines 14-23; column 4, lines 41-59; figures 1 and 5; "slave process" and "master process")*; and such processes being in Mach related/derived environments *(Price: column 4, lines 41-59, "Unix")*. Note, Apple's OS X is related/derived to/from Unix *(Request: page 18)*.

Technical Note TN2083 (2006)

"Technical Note TN2083: Daemons and Agents", (herein *Apple Note 2006*) was not cited during the original prosecution. The *Request* asserts the *Apple Note 2006* reference is eligible for application under at least 35 U.S.C. 102(b) as the *Apple Note 2006* reference was published 07/13/2006 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The *Request* asserts the *Apple Note 2006* reference teaches *(Request: pages 31-45 and exhibit 17)*: in Mach related/derived environments *(Apple Note 2006: page 1, "Mac OS X")*; and in that environment using "agent server[s]" and "agent client[s]" *(Apple Note 2006: page 20, "agents" and "daemons")*; and communication between session/context *(Apple Note 2006: page 20)*.

Application/Control Number: 90/019,142 Page 5
Art Unit: 3992

*Technical Note TN2083 (2007)*

"Technical Note TN2083: Daemons and Agents", (herein *Apple Note 2007*) was not cited during the original prosecution. The *Request* asserts the *Apple Note 2007* reference is eligible for application under at least 35 U.S.C. 102(a) as the *Apple Note 2007* reference was published 11/05/2007 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The *Request* asserts the *Apple Note 2007* reference teaches *(Request: pages 31-45 and exhibit 17)*: in Mach related/derived environments *(Apple Note 2007: page 1, "Mac OS X")*; and in that environment using "agent server[s]" and "agent client[s]" *(Apple Note 2007: pages 17, 20, 32, 36, "agents" and "daemons")*; and communication between session/context *(Apple Note 2007: pages 17, 20, 32, 36)*. Note, Apple's OS X is related/derived to/from Unix *(Request: page 18)*, which this reference confirms *(Apple Note 2007: page 7, "UIDs and GIDs", "the BSD portions of the system")*.

*Adachi*

Adachi, US 2005/0256923 A1 (herein *Adachi*) was not cited during the original prosecution. The *Request* asserts the *Adachi* reference is eligible for application under at least 35 U.S.C. 102(b) as the *Adachi* reference was published 11/17/2005 from an application filed 05/14/2004 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The *Request* asserts the *Adachi* reference teaches *(Request: pages 40-41 and exhibit 17)*: client/server communication in Mach related/derived environments *(Adachi: paragraphs 0020, 0036, and 0044)*.

*Timbuktu*

"Getting Started with Timbuktu Pro for Macintosh version 8.6", (herein *Timbuktu*) was not cited during the original prosecution. The *Request* asserts the *Timbuktu* reference is eligible for application

Application/Control Number: 90/019,142                                                                                  Page 6
Art Unit: 3992

under at least 35 U.S.C. 102(b) as the *Timbuktu* reference was published in 2006 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 23, and 31-45)*. The *Request* asserts the *Timbuktu* reference teaches *(Request: pages 40-41 and exhibit 17)*: remote control and communication, including sharing resources, in Mach related/derived environments *(Timbuktu: pages 6-8, 21, and 28-30)*.

*Collins*

Collins et al., US 7,028,025 B2 (herein *Collins*) was not cited during the original prosecution. The *Request* asserts the *Collins* reference is eligible for application under at least 35 U.S.C. 102(b) as the *Collins* reference was patented 04/11/2006 from an application filed 05/25/2001 as compared to the earliest priority date of *Cohen* to 09/23/2008 *(Request: pages 24, and 31-45)*. The *Request* asserts the *Collins* reference teaches *(Request: pages 40-41 and exhibit 17)*: client/server communication in Mach related/derived environments *(Collins: column 6, lines 7-67)*.

**Substantial New Question of the Request**

The *Request* asserts a substantial new question of patentability with respect to issued claims 25 and 27 of US RE46,386 E (*Cohen*).

*SNQ 1 (Price)*

Claims 25 and 27 are proposed as being <u>anticipated</u> by *Price (Request: pages 23, 26-31, and 45; exhibit 16)*.

The disclosures, discussed above, of *Price* constitute teachings pertinent to at least claim limitations: "wherein the Mach-derived computing device comprises a user computer context comprising an agent server, the agent server associated with an agent client, wherein the agent client

Application/Control Number: 90/019,142 Page 7
Art Unit: 3992

and the agent server execute on the Mach-derived computing device, the agent client executing in a process separate from and in a separate Mach context from the agent server, wherein the data corresponding to the update to the user instance was generated by the agent server corresponding to the updated user instance"; and "transmitting, by the at least one computer processor of the computing device, input data received from at least one input device of the computing device, over the communications network to the Mach-derived computing device". As revealed in the above "Prosecution History Summary", these limitations were important to the allowance of US RE46,386 E *(Cohen)*.

In light of these teachings, *Price* is found to provide new prior art teachings that would be considered important to a reasonable examiner in evaluating the patentability of claims 25 and 27. As now presented, these teachings were not previously considered and *Price* is not merely cumulative to prior art already considered by the Office. Accordingly, *Price* raises a substantial new question of patentability with respect to claims 25 and 27.

<u>SNQ 2 (Price)</u>

Claims 25 and 27 are proposed as being <u>obvious</u> over *Price* in view of the knowledge of one of ordinary skill in the art at the time of invention *(Request: pages 23, 26-45; exhibit 16)*.

These teachings raise a substantial new question of patentability with respect to claims 25 and 27 for the same reasons as presented for SNQ 1.

<u>SNQ 3 (Apple Note 2006, Apple Note 2007, and Price)</u>

Claims 25 and 27 are proposed as being obvious over *Apple Note 2006* and *Apple Note 2007* in view of *Price (Request: pages 23, 26-45; exhibit 17)*.

Application/Control Number: 90/019,142 Page 8
Art Unit: 3992

The disclosures, discussed above, of *Apple Note 2006* and *Apple Note 2007* constitute teachings pertinent to at least claim limitations: "wherein the Mach-derived computing device comprises a user computer context comprising an agent server, the agent server associated with an agent client, wherein the agent client and the agent server execute on the Mach-derived computing device, the agent client executing in a process separate from and in a separate Mach context from the agent server, wherein the data corresponding to the update to the user instance was generated by the agent server corresponding to the updated user instance"; and "transmitting, by the at least one computer processor of the computing device, input data received from at least one input device of the computing device, over the communications network to the Mach-derived computing device". As revealed in the above "Prosecution History Summary", these limitations were important to the allowance of US RE46,386 E (*Cohen*).

In light of these teachings, *Apple Note 2006* and *Apple Note 2007* are found to provide new prior art teachings that would be considered important to a reasonable examiner in evaluating the patentability of claims 25 and 27. As now presented, these teachings were not previously considered and *Apple Note 2006* and *Apple Note 2007* are not merely cumulative to prior art already considered by the Office. Accordingly, *Apple Note 2006* and *Apple Note 2007* raise a substantial new question of patentability with respect to claims 25 and 27.

### *35 USC 325(d)*

A review of the post grant history for the US RE46,386 E (*Cohen*) patent indicates that there have been no other Office post grant challenges involving the patent (Reexamination Proceedings or Inter Partes Review, Post Grant Review, Covered Business Method trials). Accordingly, a determination of whether to exercise discretion to reject the request pursuant to 35 USC 325(d) is not applicable.

Application/Control Number: 90/019,142 Page 9
Art Unit: 3992

***Correspondence Information***

**All** correspondence relating to this *ex parte* reexamination proceeding should be directed:

| | |
|---|---|
| By Mail to: | Mail Stop *Ex Parte* Reexam<br>Central Reexamination Unit<br>Commissioner for Patents<br>United States Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By FAX to: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Attn: Central Reexamination Unit<br>Randolph Building<br>401 Dulany Street<br>Alexandria, VA 22314 |
| By EFS: | Registered users may submit via the electronic filing system EFS-Web, at <u>https://efs.uspto.gov/efile/myportal/efs-registered</u>. |

Any inquiry concerning this communication or earlier communications from the examiner should be directed to WILLIAM H WOOD whose telephone number is (571)272-3736. The examiner can normally be reached Monday-Friday 7am-3pm.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Alexander Kosowski can be reached on (571)272-3744. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit

Application/Control Number: 90/019,142 Page 10
Art Unit: 3992

https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/William H. Wood/
Reexamination Specialist, Art Unit 3992

Conferee:

/RSD/

/ALEXANDER J KOSOWSKI/
Supervisory Patent Examiner, Art Unit 3992