IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AQUA CONNECT, INC. a Nevada corporation, and STRATEGIC TECHNOLOGY PARTNERS, LLC, a Nevada limited liability company,<br><br>               Plaintiffs,<br><br>     v.<br><br>TEAMVIEWER US, LLC,<br><br>               Defendant. | C.A. No. 18-01572-MN<br><br>**LEAD CASE** |
| AQUA CONNECT, INC., a Nevada corporation, and STRATEGIC TECHNOLOGY PARTNERS, LLC, a Nevada limited liability company,<br><br>               Plaintiffs,<br><br>     v.<br><br>TEAMVIEWER GmbH,<br><br>               Defendant. | C.A. No. 19-2286-MN |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of September 29, 2023 (ECF 297), Plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC (collectively, "Aqua Connect" or "Plaintiffs") and defendants TeamViewer US, LLC and TeamViewer GmbH (collectively, "TeamViewer" or "Defendants") submit this Joint Status Report.

The parties' proposals for proceeding in light of the rulings set forth in the Court's Memorandum Opinion (ECF 296) are as follows:

**Proposed Schedules**

| Event | Aqua Connect's Proposed Date | TeamViewer's Proposed Date |
|---|---|---|
| TeamViewer's Production of Supplemental Financial Information | December 8, 2023 | 21 days after the Court issues its ruling on Plaintiffs' Motion for Reargument |
| Aqua Connect to serve supplemental damages expert report | 30 days after the Court issues its ruling on Plaintiffs' Motion for Reargument | 42 days after the Court issues its ruling on Plaintiffs' Motion for Reargument |
| TeamViewer to serve rebuttal supplemental damages expert report | 51 days after the Court issues its ruling on Plaintiffs' Motion for Reargument | 63 days after the Court issues its ruling on Plaintiffs' Motion for Reargument |
| Deadline to take expert depositions | 65 days after the Court issues its ruling on Plaintiffs' Motion for Reargument | 93 days after the Court issues its ruling on Plaintiffs' Motion for Reargument |
| Mediation | No date proposed | 30 days after the deadline to take expert depositions |
| Pretrial disclosures | 28 days after the deadline to take expert depositions | 60 days after the deadline to take expert depositions |
| Pretrial Conference | 7 days after the parties submit pretrial disclosures | 7 days after the parties submit pretrial disclosures |
| Trial (2 days) | 7 days after the pretrial conference (approximately 3 months after the Court issues its ruling on Plaintiffs' Motion for Reargument) | 7 days after the pretrial conference (approximately 6 months after the Court issues its ruling on Plaintiffs' Motion for Reargument) |

**Aqua Connect's Position**

Aqua Connect proposes a schedule that would set a new damages trial approximately 15 weeks (or four months) after the Court's decision on Aqua Connect's motion for reargument, in the event that a new damages trial remains necessary. Aqua Connect believes this is ample time to prepare for a new damages trial, especially considering the substantial work that culminated in the first trial on both liability and damages issues. Defendants' proposed schedule, in contrast,

2

would set a new damages trial approximately 28 weeks (seven months) after the Court's decision on Aqua Connect's motion for reargument.  Such an extended schedule would simply delay the retrial.

Besides the fact that the parties should be able to retry damages in well under seven months, particularly when damages took less than a day of the first trial, Defendants' proposed schedule has several unnecessary built-in delays.  First, Defendants propose waiting until 21 days until after the Court's decision on Aqua Connect's motion for reargument to provide updated financial information.  But there is no reason why that information cannot be collected and produced while the motion is pending as Aqua Connect proposes.  Second, Defendants propose a 30-day period for expert discovery after service of amended expert reports.  But only the parties' two damages experts are likely to provide updated reports and two weeks is ample time for two depositions.  Accordingly, Aqua Connect proposes two weeks for expert discovery. Third, Defendants propose waiting a full 60 days from the close of expert discovery to submit pretrial filings.  Aqua Connect proposes 28 days.  One month should be ample time.  All pretrial filings were done once, and all motion *in limine* and Daubert motions were decided.  The primary difference in damages facts between the first trial and a retrial of damages trial should center only on the damages period.  Thus, Aqua Connect's proposed 28 days for pretrial filings and four month pretrial schedule should give Defendants ample time to prepare.

### TeamViewer's Position

TeamViewer has proposed a reasonable schedule that strikes the proper balance between the need to expeditiously resolve this case and the need to coordinate the schedules of the damages and survey experts, fact witnesses, and counsel. The latter has been made particularly difficult in light of Aqua Connect's Motion for Reargument. Aqua Connect is asking the Court to

reverse course on certain rulings on TeamViewer's post-trial motions. Although TeamViewer opposes all aspects of Aqua Connect's motion, including its request that the Court reinstate the jury's damages award, in the event the Court were to grant Aqua Connect's motion in its entirety, there would be no need for a new damages trial. Based on that, it would be inefficient for the parties to take steps towards preparing for a new trial until the Court decides Aqua Connect's motion. The parties have therefore both proposed deadlines that are (mostly) keyed off of the Court's ruling. Given that these deadlines are not dates certain, there needs to be enough time in the schedule to allow for coordination and preparation once the Court issues its ruling. Even with a very short damages trial, TeamViewer will need to find overlapping availability for its damages and survey experts, along with its fact witnesses, all of whom are located in Europe, and counsel.

      Aqua Connect argues that the first step in progressing towards a new trial on damages—TeamViewer supplementing its financial information—should take place before the Court issues its ruling on Aqua Connect's Motion for Reargument. That makes little sense. Given that Aqua Connect's requested relief would obviate the need to gather this information, it would be inefficient for TeamViewer to spend time and money gathering this information that may not be needed. Moreover, in the event that the Court rules on Aqua Connect's Motion for Reargument after Aqua Connect's proposed deadline for the financial information of December 8, TeamViewer would have to repeat the exercise of gathering the financial information. There is no reason to make TeamViewer do this twice. And contrary to Aqua Connect's suggestion, TeamViewer updating its financial information is not a simple task. In addition to revenue figures, TeamViewer had produced detailed installation information for all of its U.S. users. It

4

will take significant time for TeamViewer to update that information for the time period following when it last produced that information nearly two years ago.

Aqua Connect also tries to needlessly shorten the expert discovery period. But the schedule of TeamViewer's damages expert is often filled with other deposition and trial obligations, so it is not always feasible to schedule his deposition on short notice. Again, in light of Aqua Connect's Motion for Reargument, TeamViewer is not able to provide its expert with any dates certain. Instead, deposition scheduling will have to take into account the expert's schedule only once Aqua Connect's motion is decided. And with respect to the pretrial disclosures, Aqua Connect's unreasonably quick timeline assumes that there will not be any need for additional motion practice. Given that TeamViewer does not know if Aqua Connect's experts will present any new theories or methodology, a determination that no motion practice is needed is premature. The time that TeamViewer has allotted to submit pretrial disclosures is in line with the usual practice in this District and is reasonable given the uncertainty surrounding Aqua Connect's supplemental damages report. For these reasons, TeamViewer's proposed schedule should be entered.

Dated: October 27, 2023

| **STAMOULIS & WEINBLATT LLC** | **DLA PIPER LLP (US)** |
|---|---|
| */s/ Stamatios Stamoulois* | */s/ Brian A. Biggs* |
| Stamatios Stamoulois (DE Bar No. 4606) | Brian A. Biggs (DE Bar No. 5591) |
| Richard C. Weinblatt (DE Bar No. 5080) | Angela C. Whitesell (DE Bar No. 5547) |
| 800 N. West Street – Third Floor | Erin E. Larson (DE Bar No. 6616) |
| Wilmington, DE 19801 | 1201 North Market Street, Suite 2100 |
| Tel: (302) 999-1540 | Wilmington, DE 19801 |
| Stamoulis@swdelaw.com | Tel: (302) 468-5700 |
| Weinblatt@swdelaw.com | brian.biggs@dlapiper.com |
| | erin.larson@dlapiper.com |
| *Attorneys for Plaintiff Aqua Connect, Inc., and Strategic Technology Partners, LLC* | *Attorneys for Defendants TeamViewer US, LLC and TeamViewer GmbH* |