# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AQUA CONNECT, INC. a Nevada corporation, and STRATEGIC TECHNOLOGY PARTNERS, LLC, a Nevada limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>TEAMVIEWER US, INC.,<br><br>    Defendant. | C.A. No.  18-01572-MN<br><br>Consolidated |
| AQUA CONNECT, INC., a Nevada corporation, and STRATEGIC TECHNOLOGY PARTNERS, LLC, a Nevada limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>TEAMVIEWER GERMANY GMBH,<br><br>    Defendant. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO STAY PENDING *EX PARTE* REEXAMINATION**

2168806.1

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. BRIEF STATEMENT OF FACTS ...................................................................................... 2

III. LEGAL STANDARD ........................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 4

    A. TeamViewer's Request Can Be Denied as Moot if the Court Grants Aqua Connect's Pending Motion for Reargument ............................................................. 4

    B. A Stay Will Not Simplify The Issues ...................................................................... 5

    C. The Status of Litigation Strongly Disfavors a Stay ................................................. 6

    D. A Stay Would Cause Aqua Connect to Suffer Undue Prejudice and Allow TeamViewer to Gain a Clear Tactical Advantage ................................................... 6

V. CONCLUSION ..................................................................................................................... 8

## **TABLE OF AUTHORITIES**

Page

**Cases**

*Bio-Techn. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553 (Fed. Cir. 1996) ................................... 5

*Collegenet, Inc. v. Applyyourself, Inc*., 418 F.3d 1225 (Fed. Cir. 2005) ........................................ 5

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,* 2007 U.S. Dist. LEXIS 44107 ............. 7

*Intervet Am., Inc. v. Kee-Vet Labs.*, 887 F.2d 1050 (Fed. Cir. 1989) ............................................. 5

*TC Tech. LLC v. Sprint Corp.*, Civil Action No. 16-153-WCB, 2021 U.S. Dist. LEXIS 190695

   (D. Del. Oct. 4, 2021) ................................................................................................. 3, 5, 6

*Xerox Corp. v. 3Com Corp*., 69 F. Supp. 2d 404 (W.D.N.Y. 1999) ............................................... 7

**Statutes**

35 U.S.C. § 305 ............................................................................................................................... 7

I.      **INTRODUCTION**

Plaintiffs Aqua Connect, Inc. and Strategic Technology Partners, LLC (collectively "Aqua Connect" or "Plaintiffs") submit this opposition to defendants TeamViewer US, Inc. and TeamViewer Germany GmbH (collectively, "TeamViewer" or "Defendants")'s motion to stay pending *ex parte* reexaminations ("EPRs"). The motion should be denied for the following reasons:

1.      As an initial matter, no retrial is needed and this request for a stay can be denied as moot if the Court grants Aqua Connect's pending Motion for Reargument. Dkt. 298. In this motion, Aqua Connect seeks reargument as to direct infringement of the system claims as to the macOS software. *Id*. at 2. If this motion is granted, the instant motion to stay can be denied as moot.

2.      Even if Aqua Connect's Motion for Reargument is denied, the instant motion to stay should still be denied, under the three relevant factors that courts consider, as follows.

3.      A stay is still unlikely to simplify any issues for a retrial. For the reexaminations to simplify a damages retrial, the reexaminations would need to result in cancellation of all asserted claims of both patents, which occurs in only 10% of cases. TeamViewer has not presented compelling evidence that the reexaminations will result in cancellation of all asserted claims, which is unlikely given that TeamViewer asserts the same prior art references that the jury already considered and rejected.

4.      The status of litigation strongly disfavors a stay. The parties have completed trial and a jury verdict was entered, and any retrial on damages can be held on October 15-16, 2024. Dkt. 305. This is many months before the reexaminations would be completed under average pendency statistics.

5.      A stay would cause Aqua Connect to suffer undue prejudice from delay and allow TeamViewer to gain a clear tactical advantage. TeamViewer could

have easily filed its reexaminations and moved to stay the litigation years ago, when it became aware of the prior art in 2020. If a stay is granted now, the reexaminations could disturb the jury's finding of invalidity, which Aqua Connect obtained at great expense and after significant delay caused by the pandemic. Granting a stay is in effect punishing Aqua Connect for litigating, going to trial and winning, and rewarding TeamViewer for waiting until after trial to bring the same prior art to the Patent Office that it was aware of for years. This tactical move causes maximum prejudice to Aqua Connect.

6. The relationship of the parties favors a stay because Aqua Connect is the exclusive licensee of the asserted patents and has developed remote desktop and terminal server applications for that practice the Asserted Patents, and TeamViewer's aggressive infringement will only continue during any stay.

For the foregoing reasons, and as discussed in more detail below, Aqua Connect asks that the Court deny TeamViewer's motion to stay this litigation pending the EPRs.

## II.     **BRIEF STATEMENT OF FACTS**

On October 11, 2018, Plaintiffs filed this action, asserting that TeamViewer US, LLC infringes claims of the U.S. Patent No. RE46,386 ("the '386 Patent") and U.S. Patent No. 8,924,502 ("the '502 Patent"). Then, on June 28, 2019, Plaintiffs filed an action in the Central District of California against TeamViewer GmbH, also asserting infringement of the '386 and '502 Patents. After nearly four years of litigation, the Court presided over a five-day jury trial held from August 8, 2022, to August 12, 2022. The jury found that TeamViewer infringes claims 25 and 27 of the '502 Patent and claims 25 and 27 of the '386 Patent. Dkt. 270 at 2-4. The jury further found that TeamViewer failed to prove any claim was invalid as anticipated or obvious. *Id*. at 5. Plaintiffs were awarded $5,700,000 in damages in the form of a lump-sum payment. *Id.* at 6. On August 22, 2022, the Court entered judgment on the jury verdict under Rule 58(b) of the Federal Rules of Civil Procedure. Dkt. 274. On September 19, 2022, Plaintiffs moved to amend the judgment to include pre- and post-judgment interest. Dkt. D.I. 276 & 277.

Also on September 19, 2022, TeamViewer renewed their motion for judgment as a matter of law and included an alternative request for a new trial in that motion. Dkt. 278 & 279. Briefing on post-trial motions was completed on October 18, 2022. Dkt. 290, 291, 292 & 293. On September 29, 2023, the Court entered its order on post-trial motions and ordered that the damages award set forth in the judgement is vacated. Dkt. 297.

On October 13, 2023, Aqua Connect filed a motion for reargument. Dkt. 298. In this motion, Aqua Connect seeks reargument as to direct infringement of the system claims as to the macOS software. *Id.* at 2. Substantial evidence in the record—an admission from TeamViewer's own employee—demonstrated that TeamViewer both "import[ed] into the United States" and "ma[de]" in the United States the "complete invention" of both system claims as to the macOS software, including the recited hardware components. *Id*. Importing and making alone supports the jury's direct infringement verdict as to the two system claims even if TeamViewer never sold or used the complete system containing the macOS software in the United States. *Id*. Thus, the Court should reconsider and reinstate the jury's verdict of direct infringement for both system claims as to the macOS software in the accused TeamViewer product. *Id*. This motion remains pending with the Court and moots the instant motion to stay, if granted.

On December 23, 2022, after over four years of litigation and a jury trial, TeamViewer filed EPRs challenging all four claims asserted in this case. Dkt. 307-1 & 307-2. TeamViewer now moves to stay. Dkt. 306.

### III.    LEGAL STANDARD

District courts have inherent power to grant a stay pending reexamination of a patent. *TC Tech. LLC v. Sprint Corp.*, Civil Action No. 16-153-WCB, 2021 U.S. Dist. LEXIS 190695, at *5 (D. Del. Oct. 4, 2021). Courts generally consider three factors when determining whether to grant a stay pending Patent Office proceedings with respect to patents in suit: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause

the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Id*. at *5 (citation omitted). "In evaluating whether undue prejudice or a clear tactical advantage exists, courts in this district typically examine four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Id*. at *22.

"Although the three-factor test set forth above informs the court's decision whether to issue a stay pending post-grant proceedings, that test merely provides general guidance; it is not a rigid template for decision." *Id*. at *11. Rather, district courts retain the "discretionary prerogative to balance considerations beyond those captured by the three-factor stay test." *Id*.

## IV.  ARGUMENT

The evidence favors denying a stay of this case pending completion of the EPRs.

### A.  TeamViewer's Request Can Be Denied as Moot if the Court Grants Aqua Connect's Pending Motion for Reargument

As an initial matter, no retrial is needed and this request for a stay can be denied as moot if the Court grants Aqua Connect's pending and fully-briefed Motion for Reargument. Dkt. 298. In this motion, Aqua Connect seeks reargument as to direct infringement of the system claims as to the macOS software. *Id*. at 2. Substantial evidence in the record—an admission from TeamViewer's own employee—demonstrated that TeamViewer both "import[ed] into the United States" and "ma[de]" in the United States the "complete invention" of both system claims as to the macOS software, including the recited hardware components. *Id*. Importing and making alone supports the jury's direct infringement verdict as to the two system claims even if TeamViewer never sold or used the complete system containing the macOS software in the United States. *Id*. Thus, the Court should reconsider and reinstate the jury's verdict of direct infringement for both system claims as to the macOS software in the accused TeamViewer product. *Id*. If so, the proceedings in this Court will be final, there would be no retrial on damages, and the instant motion to stay can be denied as moot.

4

B. **A Stay Will Not Simplify The Issues**

If the Court does not grant Aqua Connect's Motion for Reargument, a stay should be denied under the relevant three factors set forth in *TC Tech*.

First, a stay is unlikely to simplify any issues for a retrial. *TC Tech.*, 2021 U.S. Dist. LEXIS 190695 at *5. The jury found that TeamViewer infringes claims in two separate patents. As a matter of law, infringement of only a single claim of a patent establishes infringement of that patent. *Intervet Am., Inc. v. Kee-Vet Labs.*, 887 F.2d 1050, 1055 (Fed. Cir. 1989) ("A patent is infringed if a single claim is infringed."); *Collegenet, Inc. v. Applyyourself, Inc.*, 418 F.3d 1225, 1236 (Fed. Cir. 2005) ("After all, infringement of even a single claim entitles a patentee to damages."); *Bio-Techn. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1562 n.8 (Fed. Cir. 1996) ("Infringement of one valid and enforceable patent claim is all that is required for liability to arise."). Thus, for the reexaminations to simplify a damages re-trial, the reexaminations would need to result in cancellation of <u>all asserted claims</u> of both patents. But according to TeamViewer's own statistics, this occurs in only 10% of cases with a third-party requester, as is the case here. Dkt. 307-3 at PageID 14252. TeamViewer's "80%" statistic includes cases where claims are amended, in addition to being cancelled. Dkt. 307, citing Dkt. 307-3. But Aqua Connect would not amend its claims in a way that would result in non-infringement as to TeamViewer. As such the true statistic to consider is 10%, not 80%.

TeamViewer has presented no compelling evidence that the reexaminations will result in cancellation of all asserted claims. Indeed, in the reexaminations, TeamViewer asserts the same prior art references that the jury has considered and rejected. Dkt. 307-1 at 5 (citing U.S. Patent No. 8,166,518 B2 ("Price"), and U.S. Patent Application No. 2005/0256923 Al ("Adachi"); Dkt. 307-2 at 5 (citing Price, Adachi, and "Technical Note TN2083: Daemons and Agents", ("Apple")). Moreover, the decisions by the PTO to conduct reexaminations for each of the two patents-in-suit does not indicate that any of the patents-in-suit are likely to be canceled in view of this prior art. Again, a mere 10% of reexaminations requested by third-party requesters have resulted in all claims cancelled. The chances of cancellation for all claims in the

reexaminations are very small, and do not justify a stay.

### C. The Status of Litigation Strongly Disfavors a Stay

The second factor to consider is the status of the litigation, particularly whether discovery is complete, and a trial date has been set. *TC Tech.*, 2021 U.S. Dist. LEXIS 190695 at *5. Here, the parties have already completed trial and a jury verdict was entered. If a retrial on damages still needs to be held in view of Aqua Connect's pending Motion for Reargument (Dkt. 298), then the parties have informed the Court that they and their experts and counsel are available on October 15-16, among other dates. Dkt. 305. This strongly disfavors a stay, because the first trial has already occurred, and any retrial on damages is either moot, or can be scheduled to occur before the reexamination proceedings will be completed next year.

### D. A Stay Would Cause Aqua Connect to Suffer Undue Prejudice and Allow TeamViewer to Gain a Clear Tactical Advantage

The third factor to consider is whether a stay would cause Aqua Connect to suffer undue prejudice from delay or allow TeamViewer to gain a clear tactical advantage. *TC Tech.*, 2021 U.S. Dist. LEXIS 190695 at *5. In evaluating whether undue prejudice or a clear tactical advantage exists, courts in this district typically examine four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *Id*. at *22.

The timing of the request for review and stay weigh heavily against a stay. Here, TeamViewer's dilatory conduct in filing the reexaminations is, in and of itself, a basis for denying a stay of this litigation. Aqua Connect filed its complaint against TeamViewer on October 11, 2018. Dkt. 1. TeamViewer served its final invalidity contentions in this case on August 14, 2020, identifying the same Price, Apple and Adachi references that it now relies on in the EPRs. Declaration of Ryan E. Hatch ("Hatch Decl."), Ex. A at 8-9. On August 22, 2022, after protracted litigation and trial, the Court entered judgment on the jury verdict under Rule 58(b) of the Federal Rules of Civil Procedure. Dkt. 274. The jury found that Aqua Connect's patents were not invalid in view of the Price, Apple, and Adachi references. *Id.* All of this

6

occurred before TeamViewer even filed the EPRs.  Finally, on December 23, 2022, TeamViewer filed for reexamination, challenging all the asserted based on Price, Apple and Adachi.  Dkt. 307-1 at 2; Dkt. 307-2 at 2.  As such, TeamViewer waited *four years, two months, and twelve days* before bringing these reexaminations, and did so based on the *same prior art* that it has been aware since at least August of 2020.   TeamViewer's dilatory action in filing reexamination requests is a tactical move that unfairly advantages TeamViewer and prejudices Aqua Connect and should not be rewarded by a stay at this late stage of the case.

TeamViewer could have easily filed its reexaminations and moved to stay the litigation years ago, when it became aware of the prior art in 2020.  But instead of filing for reexamination and moving for a stay before trial, TeamViewer chose to roll the dice at trial, and lost.  Aqua Connect expended significant resources on trial and obtained a favorable verdict.  Unlike Aqua Connect, TeamViewer is a large company with a market capitalization of €2.0 billion, or $2.1 billion.  Hatch Decl., Ex. B.  Granting a stay is in effect punishing Aqua Connect for litigating, going to trial and winning, and rewarding TeamViewer for waiting until after trial to bring the same prior art to the Patent Office that it was aware of for years, but failed to pursue at the Patent Office.  This tactical maneuver by TeamViewer causes maximum prejudice and damage to Aqua Connect.  *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,* 2007 U.S. Dist. LEXIS 44107, *16 ("Parties should not be permitted to abuse the [reexamination] process by applying for reexamination after protracted, expensive discovery or trial preparation").

The third factor, status of the review proceedings, is neutral at best.  A first non-final office action has been issued in the EPRs, which Aqua Connect has not yet responded to.  E*x parte* reexaminations on average take 25.2 months to complete.  Dkt. 307-3 at PageID 14252.  *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999) (while the "PTO is directed by statute to conduct reexamination proceedings with 'special dispatch,' 35 U.S.C. § 305, the procedure would nonetheless involve a lengthy delay.").  Based on the reexamination filing date of December 23, 2022, and assuming average pendency of 25.2 months, the EPRs would not likely be completed until February 2025, which is many months after any retrial

7

would occur.  And these are only average pendency figures, and the actual pendency could be longer.  Considering the substantial time and resources already invested into this litigation, such a lengthy delay would prejudice Aqua Connect.

Finally, the relationship of the parties favors a stay.  Aqua Connect is the exclusive licensee of the asserted patents and develops and has developed remote desktop and terminal server applications for that practice the Asserted Patents. Although requesting a stay of proceedings pending the EPRs, TeamViewer does not suggest that it will stay their aggressive infringement of Aqua Connect's patents during any stay of this case.

## V.  CONCLUSION

For the foregoing reasons, Aqua Connect asks that TeamViewer's motion to stay this litigation pending the *ex parte* reexamination proceedings be denied.

Dated: June 12, 2024

| | |
|---|---|
| **STAMOULIS & WEINBLATT LLC** <br> */s/ Stamatios Stamoulis* <br> Stamatios Stamoulis (DE Bar No. 4606) <br> 800 N. West Street, Third Floor <br> Wilmington, DE 19801 <br> Tel: (302) 999-1540 <br> Stamoulis@swdelaw.com <br><br> *Attorneys for Plaintiffs Aqua Connect, Inc., and Strategic Technology Partners, LLC* | **HATCH LAW, PC** <br> Ryan E. Hatch (*pro hac vice*) <br> 13323 Washington Blvd., Suite 302 <br> Los Angeles, CA 90066 <br> Tel: 310-279-5076 <br> ryan@hatchlaw.com <br><br> **GLASER WEIL LLP** <br> Lawrence M. Hadley (*pro hac vice*) <br> Stephen Underwood (*pro hac vice*) <br> 10250 Constellation Blvd., 19th Floor <br> Los Angeles, CA 90067 <br> Tel: 310.553.3000 <br> lhadley@glaserweil.com <br> sunderwood@glaserweil.com |